Charlotte SCHACHTNER, Petitioner-Appellant,†

v.

DEPARTMENT OF INDUSTRY, LABOR &
HUMAN RELATIONS, EQUAL RIGHTS
DIVISION, Respondent.

Court of Appeals

*No. 87–1158. Argued February 4, 1988.—Decided March 23,
1988.*

(Also reported in 422 N.W.2d 906.)

---

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

On behalf of the petitioner-appellant, there were briefs and oral argument by *John D. Uelmen* of Milwaukee.

On behalf of the respondent, there was a brief by *Donald J. Hanaway,* attorney general and *Bruce A. Olsen,* assistant attorney general. There was oral argument by *Lowell Nass,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Charlotte Schachtner appeals from a circuit court judgment which affirmed a Department of Industry, Labor and Human Relations, Equal Rights Division, order barring Schachtner from proceeding against Sentry Foods under the Wisconsin Fair Employment Act (WFEA). On appeal Schachtner argues that the "exclusive remedy" provision of the worker's compensation act, sec. 102.03(2), Stats., does not bar her from proceeding under WFEA. We reject Schachtner's arguments and affirm the judgment.

Schachtner worked for Sentry Foods, a division of the Godfrey Company, for twelve years. On October 30, 1984, she stopped working due to a work-related rotator cuff injury. In April 1986, Schachtner learned of an opening as a cleaner with Sentry and applied for the position. Sentry refused to rehire Schachtner. Schachtner filed a complaint with the Equal Rights Division (ERD) alleging that Sentry had refused to rehire her because the company perceived her as handicapped in violation of WFEA.

An ERD investigator *sua sponte* raised the issue of whether sec. 102.35(3), Stats., of the worker's compensation act was Schachtner's exclusive remedy. Schachtner's complaint was then dismissed on the ground that her complaint did not come under the jurisdiction of WFEA. Schachtner appealed the decision under Wis. Adm. Code, sec. **Ind 88.03**(2). An administrative law judge also ordered the case dismissed whereupon Schachtner sought judicial review

3

pursuant to ch. 227, Stats. The trial court affirmed the prior order to dismiss and Schachtner again appeals.

Whether Schachtner's exclusive remedy is to proceed under the worker's compensation act is a question of statutory interpretation and therefore a question of law. *In re J.A.,* 138 Wis. 2d 483, 489, 406 N.W.2d 372, 374 (1987). This court owes no deference to the circuit court when reviewing an administrative agency's decision. *Kimberly-Clark Corp. v. LIRC,* 138 Wis. 2d 58, 63, 405 N.W.2d 684, 687 (Ct. App. 1987). However, deference to the expertise of an administrative agency may be appropriate in some situations. *Dielectric Corp. v. LIRC,* 111 Wis. 2d 270, 275, 330 N.W.2d 606, 609 (Ct. App. 1983). When the agency has little if any expertise in an area, deference is not appropriate. *See id.; Kimberly-Clark,* 138 Wis. 2d at 64, 405 N.W.2d at 687. Likewise, deference is not appropriate where this court is as competent as the agency to decide a question of law. *Dielectric,* 111 Wis. 2d at 275, 330 N.W.2d at 609.

Exclusivity of remedies is a concept which is not unique to administrative law. To the contrary, it presents as an issue in many areas of the law. *See, e.g., State ex rel. Attorney General v. Thekan,* 184 Wis. 42, 47–48, 198 N.W. 729, 731 (1924) (concluding that a statutory remedy for enjoining liquor nuisances did not preclude an action in equity seeking to abate the same activity as a public nuisance); *State ex rel. Swan v. Elections Bd.,* 133 Wis. 2d 87, 97, 394 N.W.2d 732, 736 (1986) (holding that the court of appeals did not have jurisdiction to entertain an original action unrelated to its supervisory or appellate authority and that such jurisdiction exists exclusively with the supreme court and circuit courts).

4

Thus, the courts are well experienced in dealing with exclusivity questions. As such, the resolution of the exclusivity question in this case is not a value judgment based upon the Department of Industry, Labor and Human Relations' (DILHR) expertise. *See Esparza v. DILHR,* 132 Wis. 2d 402, 407–08, 393 N.W.2d 98, 100–01 (Ct. App. 1986).

We also note that those decisions of the supreme court and the court of appeals which have dealt with exclusivity of administrative remedies questions have not given any deference to the administrative action. *See Henning v. General Motors Assembly Div.,* 143 Wis. 2d 1, 419 N.W.2d 551 (1988); *Yanta v. Montgomery Ward & Co.,* 66 Wis. 2d 53, 224 N.W.2d 389 (1974); *Bachand v. Connecticut Gen. Life Ins. Co.,* 101 Wis. 2d 617, 305 N.W.2d 149 (Ct. App. 1981). Therefore, we conclude that DILHR's resolution of the exclusivity issue in this case is not entitled to deference by this court.

Section 102.03(2), Stats., of the worker's compensation act reads in part:

> (2)   Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier.

Schachtner argues that this "exclusive remedy" provision was enacted only to limit the employer's common-law tort liability. Schachtner points to the legislative history behind the act and argues that worker's compensation legislation was an early effort at personal injury tort reform. Schachtner claims that there is nothing in the history of the act which

indicates a legislative intent to preclude future legislative remedies to employees who suffer damage as a result of employer behavior.

Schachtner's argument, however, overlooks the competing interests at stake when the worker's compensation act was first enacted and the political compromise which it represents. The worker's compensation act represents a delicate balancing of the interests represented in our industrial society. *Jenkins v. Sabourin,* 104 Wis. 2d 309, 322, 311 N.W.2d 600, 607 (1981). The exclusivity provision was an integral part of the political compromise reached. The employers accepted a fixed liability regardless of fault in return for immunity from suits from employees. This exclusivity provision has been part of the worker's compensation act since its creation. *Mulder v. Acme-Cleveland Corp.,* 95 Wis. 2d 173, 181–82, 290 N.W.2d 276, 280 (1980).

Schachtner also overlooks past cases which have held that the exclusivity provision extended to statutory liability as well. In *Saxhaug v. Forsyth Leather Co.,* 252 Wis. 376, 382–83, 31 N.W.2d 589, 592 (1948), for example, the supreme court held that the exclusivity provision foreclosed an employee's action against the employer under the safe-place statute.

In *Coleman v. American Universal Ins. Co.,* 86 Wis. 2d 615, 273 N.W.2d 220 (1979), the supreme court addressed the issue of whether an action based upon the tort of bad faith against a worker's compensation insurer was barred by the exclusivity provision of the worker's compensation act. The court held that the injury sustained by Coleman did not fall within the purview of the worker's compensation act and therefore the exclusivity provision would not bar the claim. *Id.* at 623, 273 N.W.2d at 223. Despite concluding that

exclusivity was not established for purposes of bad faith claims, the court made it clear that if the injury falls within the coverage of the act, the worker's compensation remedy is exclusive. *Id.* at 621–24, 273 N.W.2d at 222–23.[1]

In the same vein, the court of appeals in *Cornejo v. Polycon Indus., Inc.,* 109 Wis. 2d 649, 327 N.W.2d 183 (Ct. App. 1982), concluded that a claim for tortious refusal to rehire was barred by the exclusivity provision of the worker's compensation act because the act provided a remedy for an employer's refusal to rehire. *Id.* at 651–52, 327 N.W.2d at 184.

The broad reach of the exclusivity provisions of worker's compensation law has been noted by a leading authority:

> The exclusiveness rule relieves the employer not only of common-law tort liability, but also of statutory liability under all state and federal statutes, as well as of liability in contract and in admiralty, for an injury covered by the compensation act.

2A A. Larson, *Workmen's Compensation Law,* sec. 65.30 (1987) (footnote omitted).

In the case at bar, sec. 102.35(3), Stats., speaks of an employer's duty to rehire and the penalty for failing to do so. This section reads in part:

> (3) Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physi-

---

[1]The legislature reacted to *Coleman v. American Universal Ins. Co.,* 86 Wis. 2d 615, 273 N.W.2d 220 (1979), by enacting sec. 102.18(1)(bp), Stats., placing the bad faith cause of action within the worker's compensation act.

cal and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages.

When the legislature creates a right, the statutory remedy for violation of that right is exclusive. *Bachand,* 101 Wis. 2d at 623–24, 305 N.W.2d at 152.[2]

The Wisconsin Supreme Court has recently reaffirmed that the "'delicate balancing of the interests represented in our industrial society' established in the worker's compensation law not be unjustifiably disturbed." *Henning,* 143 Wis. 2d at 11, 419 N.W.2d at 554. In fact, the court in *Henning* narrowed the test for determining whether an employer is liable to an employee beyond the perimeters of the worker's compensation law. The court jettisoned the "dual capacity" test for the more restrictive "dual persona" test. Under this more restrictive doctrine, an employer may become a third person, vulnerable to tort suit by an employee, if—and only if—the employer possesses a second persona so completely independent from and unrelated to its status as employer that by established standards the law recognizes it as a separate legal person. *Id.* at 15–16, 419 N.W.2d at 556.[3]

---

[2]We also note that when creating statutory remedies, the legislature has sometimes chosen to indicate that the legislation is not intended to usurp the field. *See, e.g.,* sec. 551.59(9), Stats. The worker's compensation act contains no such language.

[3]Although *Henning v. General Motors Assembly Div.,* 143 Wis. 2d 1, 419 N.W.2d 551 (1988), did not present a direct action against the employee by the employer, but rather a cross-claim against the employer by a third party, the supreme court held that the new

The injury in the case at bar arose incidental to, and only as a result of, Schachtner's performance of an integral part of her job as an employee of the Godfrey Company. Such an injury is the precise sort for which the worker's compensation system operates to provide prompt and assured recovery and as to which the exclusivity provision should operate to provide immunity. *Id.* at 21, 419 N.W.2d at 558. No distinct Godfrey Company persona beyond that of employer was implicated in Schachtner's injury. As such, the injury suffered by Schachtner is covered by the worker's compensation act and her WFEA action is barred.[4]

---

"dual persona" test also applied in direct actions between the employee and employer. *Id.* at 20–21, 419 N.W.2d at 558.

[4]At oral argument Schachtner cited two cases from other jurisdictions which allowed the employee to maintain an action for discrimination in addition to or separate from a worker's compensation claim. *See Boscaglia v. Michigan Bell Tel. Co.*, 362 N.W.2d 642 (Mich. 1984); *Reese v. Sears, Roebuck & Co.*, 731 P.2d 497 (Wash. 1987) (en banc). These cases are distinguishable, however, because the statutory scheme of the worker's compensation acts of both states do not provide relief for a failure to rehire whereas the Wisconsin statutes do.

DILHR also contends that certain exclusivity language of sec. 102.35(3), Stats., controls in this case. This subsection provides in part:

> Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, *has exclusive liability to pay* to the employe the wages lost during the period of such refusal, not exceeding one year's wages. [Emphasis added.]

We disagree with DILHR. We do not see this subsection as dealing with the exclusivity of the employer's *liability* under the act. Rather, the purpose of the subsection is to visit the *penalty* for an

The judgment of the trial court is affirmed.

*By the court.*—Judgment affirmed.

unreasonable refusal to rehire *solely* upon the employer. This is confirmed by the additional language in sec. 102.31(1)(c)1, Stats., forbidding a worker's compensation insurance carrier to incur liability for such acts. The language of this latter statute was necessary to accomplish the legislative goal set out in sec. 102.35(3), Stats., to make the employer the *sole* party responsible for payment upon an unreasonable refusal to rehire. As such, the language of sec. 102.31(1)(c)1 is not superfluous under our interpretation.