Craig NORRIS, Petitioner-Appellant,†

v.

State of Wisconsin, DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Equal Rights Division, and Coca-Cola Bottling Company of Madison-Rockford, Respondents.

Court of Appeals

*No. 89-0992. Submitted on briefs December 8, 1989.—Decided March 15, 1990.*

(Also reported in 455 N.W.2d 665.)

†Petition to review denied.

For the petitioner-appellant the cause was submitted on the briefs of *Fox, Fox, Schaefer & Gingras, S.C.,* by *Steven J. Schaefer* and *Mary E. Kennelly,* of Madison.

For the respondent, State of Wisconsin, Department of Industry, Labor and Human Relations, Equal Rights Division, the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *Bruce A. Olsen,* assistant attorney general.

For the respondent, Coca-Cola Bottling Company of Madison-Rockford, the cause was submitted on the briefs of *Melli, Walker, Pease & Ruhly, S.C.,* by *John R. Sweeney,* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   Craig Norris appeals from a judgment affirming an order of the Department of Industry, Labor and Human Relations (DILHR), Equal Rights Division. DILHR dismissed Norris's handicap discrimination complaint under the Wisconsin Fair Employment Act, secs. 111.31–111.395, Stats., against his ex-employer, the Coca-Cola Bottling Company of Madison-Rockford.[1]

Norris claims Coca-Cola refused to rehire him after he injured his back at work. He complained to the Equal Rights Division that Coca-Cola refused to rehire him because of two handicaps: his back injury and mental retardation. Coca-Cola moved to dismiss his complaint on grounds that the Worker's Compensation Act, ch. 102, Stats., provides the exclusive remedy for an employer's refusal to rehire.[2] DILHR agreed and dismissed the complaint and the circuit court affirmed.

---

[1]The order was appealable to the administrator of the Equal Rights Division, not to the Labor and Industry Review Commission. Wis. Adm. Code sec. Ind 88.03(2).

[2]We reject Norris's argument that Coca-Cola was precluded from so moving. Norris and Coca-Cola compromised Norris's disability claim under the Worker's Compensation Act. In the compromise agreement, Coca-Cola averred that Norris's back injury was not work related. Norris cites no authority for the proposition that Coca-Cola is barred from admitting in this case that the injury was work related. No reason for such a ruling is apparent to us, since his worker's compensation claim for his back injury was in fact compromised under the act.

Norris appeals as to both handicap discrimination claims.

The Worker's Compensation Act contains an exclusivity provision, sec. 102.03(2), Stats., which reads in part: "Where [the] conditions [in sub. (1)] exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer." The act provides a remedy for employees not rehired after an injury in the course of employment. Section 102.35(3) reads in relevant part:

> Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, [must] pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages.

Whether that section provides the exclusive remedy to the employee is a question of law which we decide without deference to the views of DILHR or the trial court. *Schachtner v. DILHR,* 144 Wis. 2d 1, 4-5, 422 N.W.2d 906, 907-08 (Ct. App. 1988).

The Worker's Compensation Act provides the exclusive remedy for an employer's refusal to rehire because of a job-related injury even if the injury creates a perceived handicap *Id.* at 3, 9, 422 N.W.2d at 907, 909-10. We concluded in *Schachtner* that the employee's remedy under sec. 102.35(3), Stats., of the Worker's Compensation Act was her exclusive remedy. We reasoned that:

> The injury in the case at bar arose incidental to, and only as a result of, Schachtner's performance of an integral part of her job as an employee . . .. Such

an injury is the precise sort for which the worker's compensation system operates to provide prompt and assured recovery and as to which the exclusivity provision should operate to provide immunity.

*Id.* at 9, 422 N.W.2d at 909-10.

Norris asks us to overrule *Schachtner.* He points out that we said in *Bourque v. Wausau Hospital Center,* 145 Wis. 2d 589, 599, 427 N.W.2d 433, 437 (Ct. App. 1988), that under certain facts the Fair Employment Act provides an exclusive remedy.

*Bourque* does not compel us to overrule *Schachtner.* Whether a statute provides an exclusive remedy is a question of legislative intent. *Bourque,* 145 Wis. 2d at 594, 427 N.W.2d at 435. In this case, the legislature has provided two possible remedies and denominated only one as exclusive. The Worker's Compensation Act expressly provides that "the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer." Sec. 102.03(2), Stats. The Fair Employment Act does not contain a similar provision.

We conclude that to the extent that coverage of employers' acts overlaps under both Acts, the Worker's Compensation Act provides the exclusive remedy. To hold otherwise would give precedence to an Act which does not contain an exclusivity provision over an Act that does. The legislature is unlikely to have intended such a result.

For that reason, DILHR and the trial court properly concluded that the Worker's Compensation Act provides the exclusive remedy for Coca-Cola's refusal to rehire Norris because of his back injury. However, that conclu-

sion does not apply to his claim that Coca-Cola refused to rehire him because of his mental retardation.

For purposes of the Fair Employment Act, a handicapped person includes an individual who has a "mental impairment which makes achievement unusually difficult or limits the capacity to work." Sec. 111.32(8)(a), Stats. An employer may not discriminate against an individual on the basis of handicap. Sec. 111.321. Coca-Cola violated the act if it perceived Norris as mentally impaired because of his mental retardation, sec. 111.32(8)(c), refused to rehire him on that basis, and did not base its refusal on an exception listed in sec. 111.34(2).

The record contains no evidence that Norris's alleged mental retardation is related to his back injury or to his work. DILHR argues that a refusal to rehire because of mental retardation is compensable under the Worker's Compensation Act because sec. 102.35(3), Stats., does not require that a refusal to rehire after an on-the-job injury be motivated by the injury. But DILHR's suggestion, if adopted, would require us to hold that a refusal to rehire for a discriminatory and non-work-related reason is not compensable under the Fair Employment Act simply because the refusal occurs after a work-related injury. We cannot believe that the legislature intended that result.

The Worker's Compensation Act is designed to compensate persons for work-related injuries. The Fair Employment Act is designed to eliminate the practice of unfair discrimination in employment against properly qualified persons because of various factors generally having nothing to do with a work-related injury. Sec. 111.31(2), Stats. The fact that an employer refuses to rehire a person after an on-the-job injury for a non-work-related reason has nothing to do with the injury

and everything to do with discrimination prohibited by the Fair Employment Act.

Norris's fair employment claim that Coca-Cola refused to rehire him because of his mental retardation should not have been dismissed on the basis that it is precluded by an available remedy under the Worker's Compensation Act. We reverse the judgment of the circuit court with directions to remand the matter to DILHR for hearing on that claim.

*By the Court.*—Judgment reversed and cause remanded with directions to remand the matter to DILHR for hearing on the claim that Coca-Cola refused to rehire Norris because of his mental retardation.