James MARSON, Petitioner-Respondent,†

v.

LABOR & INDUSTRY REVIEW COMMISSION, Respondent-Appellant,

Beatrice HUNT/WESSON, Respondent-Co-Appellant.

Court of Appeals

*No. 92–2686. Submitted on briefs April 12, 1993.—Decided June 29, 1993.*

(Also reported in 503 N.W.2d 582.)

†Petition to review filed.

On behalf of respondent-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *John D. Niemisto*, assistant attorney general.

On behalf of respondent-co-appellant, the cause was submitted on the brief of *Walter D. Thurow* of Madison.

On behalf of petitioner-respondent, the cause was submitted on the brief of *Terry L. Moore* and *Stephanie L. Finn* of *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   The Labor and Industry Review Commission and Beatrice Hunt/Wesson (collectively, LIRC) appeal a judgment reversing LIRC's decision dismissing James Marson's complaint alleging a violation of the Wisconsin Fair Employment Act (WFEA). LIRC, citing *Schachtner v. DILHR*, 144 Wis. 2d 1, 422 N.W.2d 906 (Ct. App. 1988), concluded that Marson's acceptance of the compromise agreement under the Worker's Compensation Act precluded it from assuming jurisdiction over his discrimination complaint. The trial court reversed, reasoning that because *Schachtner* holds that the injury must be work related

121

and the compromise agreement left that issue unresolved, Marson's discrimination claim was not necessarily barred. The court then remanded the case to LIRC to make factual findings concerning the cause of Marson's injury.

We conclude that because Marson settled his claim under the Worker's Compensation Act, he is now barred from pursuing a discrimination claim before the Equal Rights Division. Therefore, we reverse the trial court decision and remand for reinstatement of LIRC's decision.

LIRC's decision was based on the following stipulated facts: In 1984, Marson injured his back while working for Hunt/Wesson. Marson received under the Worker's Compensation Act payment for his medical and hospital expenses, temporary total disability benefits and $5,000 for permanent partial disability.

In 1989, Marson began experiencing further back problems for which he consulted two doctors. Doctor Winfried Raabe stated that she believed Marson's back pain was attributable to a 1985 bike riding accident and was unrelated to the 1984 injury. Marson also consulted and received treatment from Dr. Peter Ihle, who believed the injuries were secondary to and the result of the 1984 work-related injury. Ihle placed Marson on permanent lifting restrictions and, as a result, Marson's employment was terminated.

In January, Marson filed a complaint with the Equal Rights Division, alleging that he was discriminated against because of his back, a claimed handicap under the WFEA. In February, Marson also filed an application for hearing before the Worker's Compensation Division seeking additional compensation for his continuing back problems as a result of the 1984 work injury. Hunt/Wesson, relying on Raabe's report, dis-

puted Marson's worker's compensation claim contending that his current back problems were caused by a bike accident and were not work related. Prior to the hearing on his worker's compensation claim, Marson entered into a compromise agreement, whereby he received $25,000 as:

> [F]ull and final settlement of any and all claims which [Marson] has or may have in the future and includes claims for temporary disability, permanent disability both from a physical and loss of earnings standpoint, medical expenses past, present, and future, rehabilitation, as well as any other claims for increased compensation or penalties including claims under 102.35(3), 102.43(5), 102.57, 102.60, 102.61, 102.22, 102.18(1)(bp).

The agreement also recited Marson's contention that his continuing back problems resulted from the 1984 injury and his employer's denial that such problems were work related.

Marson's employer then filed a motion seeking dismissal of his discrimination claim. The administrative law judge granted the employer's motion, reasoning that Marson's claim was barred under *Schachtner*, which held that the Worker's Compensation Act provides the exclusive remedy for an employer's failure to reemploy an employee after a work-related injury. LIRC affirmed the ruling, and Marson filed a petition for judicial review. The trial court held that if Marson's continuing back problems were not work related, then he had a right to bring a discrimination claim under the WFEA. The trial court determined that the compromise agreement left that issue unresolved, and remanded the case back to LIRC to make factual find-

ings concerning the cause of Marson's continuing back problems. LIRC and Hunt/Wesson appeal.

Whether Marson's discrimination claim is barred because he entered into a compromise agreement settling his worker's compensation claim is a question of law. When reviewing questions of law, we are not bound by an administrative agency's conclusions. *Kelley Co. v. Marquardt*, 172 Wis. 2d 234, 244, 493 N.W.2d 68, 73 (1992). Our supreme court has applied three levels of deference to conclusions of law and statutory interpretation in agency decisions. *Id.* First, if the administrative agency's experience, technical competence and specialized knowledge aid the agency in its interpretation and application of the statute, the agency determination is entitled to "great weight." *Id.* The second level of review is a mid-level standard that provides if the agency decision is "very nearly" one of first impression it is entitled to "due weight" or "great bearing." *Id.* The third level of review is de novo and is applied when the case is clearly one of first impression for the agency and the agency lacks special expertise or experience in determining the question presented. *Id.* at 245, 493 N.W.2d at 73. Because both *Schachtner* and *Norris v. DILHR*, 155 Wis. 2d 337, 455 N.W.2d 665 (Ct. App. 1990), address the issue of whether the exclusivity provisions of the Worker's Compensation Act bar a discrimination claim for a work-related injury, but do not directly address the issue of whether a compromise agreement precludes such a claim, we conclude that the issue is very nearly one of first impression, and therefore we give LIRC's decision due weight or great bearing.

In *Schachtner*, the employee sustained a work-related shoulder injury and consequently stopped

working. Over a year later, she sought reemployment, which was denied. The employee then filed a complaint with the Equal Rights Division, alleging that her former employer refused to rehire her because it perceived her as handicapped in violation of the WFEA. *Id.* at 3, 422 N.W.2d at 907. We concluded that because the Worker's Compensation Act contains an exclusivity provision, sec. 102.35(3), Stats., provides the exclusive remedy for an employer's refusal to rehire because of a job-related injury even if the injury creates a perceived handicap.[1] *Id.* at 9, 422 N.W.2d at 909–10. Therefore, because the employee's injury was work-related, we held that her WFEA action was barred.

In *Norris*, the employee injured his back at work. The employee and his employer compromised his disability claim under the Worker's Compensation Act. In the compromise agreement, Norris' employer denied that his back injury was work related. *Id.* at 339 n.2, 455 N.W.2d at 666 n.2. Subsequently, Norris filed a complaint with the Equal Rights Division, claiming that his employer refused to rehire him because of two handicaps, his back injury and mental retardation. *Id.* at 339, 455 N.W.2d at 666. His employer moved to

---

[1] The exclusivity provision, sec. 102.03(2), reads in part:

> Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, and other employe of the same employer and the worker's compensation insurance carrier.

Section 102.35(3), Stats., provides that:

> Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages.

dismiss, maintaining that the Worker's Compensation Act provided the exclusive remedy. The Department of Industry, Labor and Human Relations agreed and dismissed the complaint.

We held, without discussion, that the Worker's Compensation Act provided the exclusive remedy for the employer's refusal to rehire because of the back injury. *Id.* at 341, 455 N.W.2d at 667. However, we concluded that because Norris' alleged mental retardation was not work related, DILHR had jurisdiction to hear his discrimination claim regarding that alleged handicap. *Id.* at 343, 455 N.W.2d at 667–68.

Marson contends that *Schachtner* is easily distinguishable because there the injury was clearly work related. However, in *Norris*, we held that because the employee had compromised his disability claim regarding his back injury, the Worker's Compensation Act provided the exclusive remedy even though the employer denied that the injury was not work related under the compromise agreement. Therefore, consistent with *Norris*, we conclude that because Marson entered into a compromise agreement under the Worker's Compensation Act, he is precluded from seeking additional relief under the WFEA.

In addition, we conclude that Marson is estopped from now asserting that his continuing back problems were not work related. The doctrine of estoppel is grounded in basic principles of justice and where applicable can bar a party from asserting legal or equitable rights. *Kellogg v. Village of Viola*, 67 Wis. 2d 345, 350, 227 N.W.2d 55, 58 (1975). An estoppel *in pais*, or equitable estoppel, consists of action or nonaction on the part of one party that induces reliance thereon by

another, either in the form of action or nonaction, to the latter's detriment. *City of Milwaukee v. County of Milwaukee*, 27 Wis. 2d 53, 66, 133 N.W.2d 393, 400 (1965). Thus, even where the doctrines of res judicata and election of remedies are inapplicable, under proper circumstances, equitable estoppel may be used to bar a second cause of action on a different theory. *Hansen v. Firemen's Ins.*, 21 Wis. 2d 137, 145–46, 124 N.W.2d 81, 85–86 (1963).[2] Here, Marson alleged that his injury was work related. The employer settled the claim on the basis of Marson's allegation. Having received a settlement on that basis, Marson should not now be allowed to pursue another claim against the same employer on the theory that the injury was not work related.

Furthermore, our holding is consistent with the underlying purposes and intent of the Worker's Compensation Act. The legislative intent behind worker's compensation was to limit an employer's liability in exchange for the employee's sure and swift recovery of scheduled payments. *Cornejo v. Polycon Indus., Inc.*, 109 Wis. 2d 649, 654, 327 N.W.2d 183, 185 (Ct. App. 1982). The right of the employee to recover compensation provided for by worker's compensation is exclusive of all remedies against the employer; such is the nature of the balance struck by the legislature. *Id.* Section 102.35(3), Stats., sets forth the exclusive liability of the employer in refusal to rehire cases. *Id.*

---

[2] *See also* RESTATEMENT (SECOND) OF JUDGMENTS § 27, comment e, which notes that a person who makes a representation may be estopped to deny its truth if the person to whom it was made has changed his position in reliance.

Section 102.16(1), Stats., permits compromising a claim for workers compensation, and Wisconsin courts look with great favor upon settlements of litigation. *See Radlein v. Industrial Fire & Cas. Ins. Co.*, 117 Wis. 2d 605, 622, 345 N.W.2d 874, 883 (1984). A compromise agreement permits the parties to avoid litigation before DILHR when neither wants to risk an all-or-nothing contest or an adverse finding by DILHR. *Udelhofen v. John Hancock Mut. Life Ins. Co.*, 128 Wis. 2d 216, 220, 381 N.W.2d 579, 581 (Ct. App. 1985).

■

Here, Marson agreed to compromise his claim under the Worker's Compensation Act for $25,000, which released his employer from "any and all claims" relating to his back injury. Because Marson has availed himself of the Act, the Act's exclusivity provision prevents him from seeking additional relief for the same injury in an alternative forum. To hold otherwise would vitiate the purpose of the Worker's Compensation Act and the compromise agreement by subjecting the employer to further litigation after the settlement of a disability claim. Therefore, we conclude that Marson is precluded from bringing a handicap discrimination claim based on his back injury.

*By the Court.*—Order reversed and cause remanded.