Linda FINNELL, Plaintiff-Appellant,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, EQUAL RIGHTS DIVISION, and T.I.C., Inc., Defendants-Respondents.

Court of Appeals

*No. 93–2804–FT. Submitted on briefs January 13, 1994.—Decided June 23, 1994.*

(Also reported in 519 N.W.2d 731.)

For the plaintiff-appellant the cause was submitted on the briefs of *Ellen M. Frantz* of *Johns & Flaherty, S.C.* of La Crosse.

For the defendants-respondents the cause was submitted on the brief of *James E. Doyle*, attorney general, and *John D. Niemisto*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

DYKMAN, J.   Linda Finnell appeals from an order affirming the Department of Industry, Labor and Human Relations' (DILHR) dismissal of her claim against her former employer, The Insurance Center (T.I.C.), for violation of the Wisconsin Family and Medical Leave Act (FMLA), § 103.10, STATS.[1] Finnell argues that DILHR erred in ruling that her FMLA claim is barred by the exclusive remedy provision of the

---

[1] This is an expedited appeal under RULE 809.17, STATS.

189

Worker's Compensation Act (WCA), § 102.03(2), STATS.,[2] and her previous settlement of all worker's compensation claims against T.I.C., including a claim under § 102.35(3), STATS.,[3] for unreasonable refusal to rehire.

We hold that the settlement precluded Finnell from asserting that her depression was not work related. Because her injury was covered by the WCA, the WCA provided the exclusive remedy for the period of her temporary total disability. Finally, we conclude that a claim pursuant to § 102.35(3), STATS., was the exclusive statutory remedy for T.I.C.'s alleged wrongful termination. [4] Therefore, we affirm.

---

[2] Section 102.03(2), STATS., provides in relevant part:

Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier.

[3] Section 102.35(3), STATS., states in pertinent part:

Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages.

[4] Section 102.35(3), STATS., penalizes employers who refuse to rehire an injured employee without reasonable cause. However, employees who are terminated while recovering from a work-related injury need not formally apply for rehire in order to maintain a cause of action under § 102.35(3). *See L & H Wrecking Co. v. LIRC*, 114 Wis. 2d 504, 509-10, 339 N.W.2d 344, 347 (Ct. App. 1983).

## BACKGROUND

Finnell was an accounting supervisor in T.I.C.'s property and casualty division. During the summer and fall of 1990, she had difficulty training an employee whom she supervised, and she recommended that the employee be fired. On Thursday, October 25, 1990, Finnell met with her immediate supervisor and the subordinate to resolve the problems that she and the subordinate were having in working together. After the meeting, Finnell removed all personal belongings from her desk, and then failed to return to work after lunch.

Finnell also missed work on Friday, October 26, and Monday, October 29. On that Monday, she met with a psychotherapist and a psychiatrist who diagnosed her condition as "major depression, recurrent," and sent Finnell's supervisor a letter supporting her request for a short-term leave. On November 5, Finnell had yet to return to work when she wrote to T.I.C.'s vice-president to request an additional thirty-day leave of absence. After consulting with the psychotherapist, the secretary-treasurer of T.I.C. responded by letter dated November 6 that Finnell's leave had been extended for two weeks, and that she was expected to report to work no later than Monday, November 19.

On November 19, Finnell neither reported to work nor contacted T.I.C. T.I.C. notified her on November 20 that it considered her failure to report a voluntary termination. In a letter dated November 27, Finnell disputed the voluntariness of her termination, and informed T.I.C. that because her illness was due to "the harassment, pressure and mental stress related to [her] position at work," she would file a worker's compensation claim. She did so on November 30.

191

Finnell applied for unemployment compensation on January 9, 1991. On March 1, 1991, benefits were denied on the grounds that even though Finnell had no reasonable alternative to voluntary termination, she was unavailable for work on the general labor market. *See* § 108.04(7)(c), STATS. Finnell subsequently received benefits after making a showing that she was available for work.

On July 15, 1991, Finnell filed two complaints against T.I.C. with the Equal Rights Division of DILHR. The first alleged that T.I.C. terminated her on the basis of her depression, a handicap, in violation of the Wisconsin Fair Employment Act (WFEA), §§ 111.31-111.395, STATS. The second complaint alleged that T.I.C. had interfered with her right to take medical leave under the FMLA. In each instance, DILHR's initial determination found probable cause to believe that T.I.C. had violated the law.

A hearing was held on February 5, 1992, at which an administrative law judge (ALJ) approved the compromise reached by the parties on the worker's compensation claim. Finnell stated before the ALJ that she understood that, in exchange for a lump sum of $4,000, she was releasing T.I.C. and its compensation insurer from any claims she may have had for past and future medical expenses, vocational rehabilitation maintenance benefits, loss of earning capacity, non-traumatic mental distress, and unreasonable refusal to rehire under § 102.35(3), STATS.

T.I.C. moved for dismissal of the FMLA and WFEA claims on jurisdictional grounds. The ALJ deferred a ruling on the motion until after the hearing held on June 2, 1992. By order dated January 14, 1993, DILHR dismissed both complaints on the basis that the exclusive remedy provision of the WCA and the settlement

of the worker's compensation claim deprived the department of jurisdiction. The circuit court affirmed DILHR's order on review, resulting in this appeal.[5]

### STANDARD OF REVIEW

Whether Finnell's FMLA claim is precluded by the compromise of her worker's compensation claim is a question of law. *Marson v. LIRC*, 178 Wis. 2d118, 124, 503 N.W.2d 582, 584 (Ct. App. 1993). In reviewing an agency's conclusions of law and statutory interpretation, we apply three levels of deference. *Id.* First, if the agency's experience, technical competence and specialized knowledge assist the agency in applying the statute, the agency's interpretation receives great weight. *Id.* Second, if the question presented is very nearly one of first impression, the agency's decision is given due weight or great bearing. *Id.* at 124, 503 N.W.2d at 584-85. Finally, where the case is one of first impression and the agency lacks special expertise in deciding the issue, the review is *de novo. Id.* at 124, 503 N.W.2d at 585.

Neither the ALJ nor the parties cite any appellate or agency decisions addressing the issue on appeal. Thus, we infer that the issue is one of first impression for DILHR. Because courts are as competent as administrative agencies in resolving questions of exclusivity of remedies, we conclude that the appropriate standard is *de novo. Schachtner v. DILHR*, 144 Wis. 2d 1, 4-5, 422 N.W.2d 906, 908 (Ct. App. 1988).

---

[5] Finnell appeals only from the dismissal of her FMLA complaint.

Finnell argues that the cause of her illness is irrelevant because § 103.10(4), STATS., grants the employee the right to a medical leave whenever the "employe . . . has a serious health condition which makes the employe unable to perform his or her employment duties." We disagree.

If Finnell sustained her injury, namely depression, under the conditions enumerated in § 102.03(1), STATS., then the compensation provided by the WCA is her sole remedy. *County of La Crosse v. WERC*, 182 Wis. 2d 15, 33-34, 513 N.W.2d 579, 585 (1994); *Coleman v. American Universal Ins. Co.*, 86 Wis. 2d 615, 622, 273 N.W.2d 220, 222 (1979); § 102.03(2). The conditions pertinent to this appeal are: (1) the employee sustains an injury; (2) at the time of the injury, the employer and employee are both subject to the WCA; (3) at the time of the injury, the employee is performing service growing out of and incidental to her employment; (4) the injury is not intentionally self-inflicted; and (5) the accident or disease causing injury arises out of her employment. *See* § 102.03(1)(a)-(e).

Only the third and fifth conditions were disputed. Because of the settlement, there was no determination by DILHR that Finnell's depression arose out of her employment. Nor did the settlement include a concession to that effect by T.I.C. However, in *Marson*, after settling a worker's compensation claim, an employee was estopped from asserting in a WFEA case that his back injury was not work related. *Marson*, 178 Wis. 2d at 126-27, 503 N.W.2d at 585-86. We conclude that estoppel applies equally here and, therefore, we will consider Finnell's depression as arising out of her position with T.I.C.

Thus, the conditions of § 102.03(1), STATS., are satisfied, and Finnell's recovery for the period in which she was totally disabled by her depression is limited to the compensation provided by the WCA.

Finnell argues that there are no valid policy reasons for treating employees with work-related injuries or illnesses differently from other employees with serious health conditions. She asserts that there are many cases where the employee is unable to determine whether the serious health condition is work related at the time a leave is requested. These contentions are without merit.

A comparison of the remedies demonstrates that an employee temporarily disabled by a work-related injury would receive greater benefits under the WCA than the FMLA. Under the WCA, the employee receives two-thirds of his or her average weekly earnings for the duration of the total disability. Section 102.43(1), STATS. Under the FMLA, the employee would be permitted to take no more than two weeks of medical leave in a twelve-month period. Section 103.10(4)(b), STATS. Moreover, the employee would receive no pay unless he or she had accrued paid leave and exercised the option under § 103.10(5) to substitute the paid leave for the medical leave. *See Richland Sch. Dist. v. DILHR*, 174 Wis. 2d 878, 895-96, 498 N.W.2d 826, 832 (1993); WIS. ADM. CODE § IND 86.03(1).

Furthermore, Finnell's argument ignores the underlying purposes of the WCA as well as the policy favoring settlement of claims without litigation. As we stated in *Marson*:

> The legislative intent behind worker's compensation was to limit an employer's liability in exchange

for the employee's sure and swift recovery of scheduled payments. The right of the employee to recover compensation provided for by worker's compensation is exclusive of all remedies against the employer; such is the nature of the balance struck by the legislature. . . .

Section 102.16(1), Stats., permits compromising a claim for worker['Js compensation, and Wisconsin courts look with great favor upon settlements of litigation. A compromise agreement permits the parties to avoid litigation before DILHR when neither wants to risk an all-or-nothing contest or an adverse finding by DILHR.

Here, Marson agreed to compromise his claim under the Worker's Compensation Act for $25,000, which released his employer from "any and all claims" relating to his back injury. Because Marson has availed himself of the Act, the Act's exclusivity provision prevents him from seeking additional relief for the same injury in an alternative forum. To hold otherwise would vitiate the purpose of the Worker's Compensation Act and the compromise agreement by subjecting the employer to further litigation after the settlement of a disability claim.

*Marson*, 178 Wis. 2d at 127-28, 503 N.W.2d at 586 (citations omitted).

■

Finally, we doubt that the inability to initially determine whether a serious health condition is work related is as prevalent as Finnell suggests. However, we conclude that whether an employee has made that determination prior to requesting a leave is irrelevant when the employee subsequently discovers that the condition is work related and pursues a worker's compensation claim to settlement.

## WRONGFUL TERMINATION

DILHR relied on our decisions in *Norris v. DILHR*, 155 Wis. 2d 337, 455 N.W.2d 665 (Ct. App. 1990), and *Schachtner*, 144 Wis. 2d at 1, 422 N.W.2d at 906, when it held that Finnell's exclusive remedy for wrongful termination was found in § 102.35(3), STATS. In both opinions, we concluded that the exclusive remedy provision of § 102.03(2), STATS., in conjunction with § 102.35(3), barred an employee's WFEA claim for refusal to rehire after a work-related injury.

However, the supreme court has recently held that the two statutes read together do not bar an employee from seeking arbitration to determine whether a termination for a work-related injury violated a collective bargaining agreement. *County of La Crosse*, 182 Wis. 2d at 37-38, 513 N.W.2d at 586-87. The court concluded that § 102.35(3), STATS., "does not come within the purview of the exclusive remedy provision" of § 102.03(2), STATS., because termination or refusal to rehire is not an injury as defined in the WCA. *Id.* at 33-35, 513 N.W.2d at 585; *see* § 102.01(2)(c), STATS. Despite the conflict with *Schachtner* and *Norris*, the court did not overrule these cases. Instead, the court clarified that these cases held only that the WCA provided "the exclusive *statutory* remedy for refusal to rehire an employe because of a work-related injury."[6] *County of La Crosse*, 182 Wis. 2d at 37, 513 N.W.2d at 586.

---

[6] The supreme court's clarification also applies to *Marson v. LIRC*, 178 Wis. 2d 118, 503 N.W.2d 582 (Ct. App. 1993). In *Marson*, we read § 102.03(2) and § 102.35(3), STATS., together and held that they barred a WFEA claim for refusal to rehire after settlement of a worker's compensation claim concerning the same injury.

We conclude that this rule applies equally to Finnell's termination. As we stated above, the medical leave provisions of the FMLA did not apply to Finnell's temporary disability; her sole resort was to the WCA. Consequently, she could not recover on a theory that she was terminated at a time when she should have been permitted to take a medical leave. Therefore, DILHR correctly dismissed her claim.

*By the Court*.—Order affirmed.