Janet Leigh BYERS, Petitioner-Respondent,†

·v.

LABOR & INDUSTRY REVIEW COMMISSION, Respondent-
Co-Appellant,

NORTHERN MFG. CO. and Paul Norenberg, Appellants.

Court of Appeals

*No. 95–2490. Submitted on briefs January 30, 1996.—Decided
March 5, 1996.*

(Also reported in 547 N.W.2d 788.)

†Petition to review granted.

For the appellants the cause was submitted on the briefs of *Thomas R. Jacobson* of *Lommen, Nelson, Cole & Stageberg, P.A.*, Hudson.

For the co-appellant the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *David C. Rice*, assistant attorney general.

For the petitioner-respondent the cause was submitted on the brief of *Carol N. Skinner* of *Bakke Norman, S.C.*, New Richmond.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   The Labor and Industry Review Commission, Northern Mfg. Co. and Paul Norenberg appeal a trial court judgment reversing LIRC's determination that the Worker's Compensation Act's (WCA) exclusive remedy provision bars Janet Leigh Byers' Wisconsin Fair Employment Act (WFEA) claim against her employer for failing to stop the sexual harassment of Byers by her co-employe. The trial court concluded that Byers' fair employment claim based upon her employer's failure to remedy the sexual harassment was not subject to the WCA's exclusive remedy provi-

sion. Because we conclude that the exclusive remedy provision applies to Byers' fair employment claim, we reverse the trial court's judgment.

While Byers was employed by Northern Mfg. Co. as a saw operator, she became engaged in a consensual sexual relationship with a co-worker, Keith Brenizer. After Byers' husband discovered the affair, Byers sought to end the relationship and applied for a restraining order against Brenizer. Byers alleges that after she obtained the restraining order, Brenizer continued to sexually harass her at work by staring at her, following her, rubbing up against her, leaving her notes and trying to talk to her. As a result, Byers went to Norenberg, her supervisor and the owner of Northern, on numerous occasions to complain and ask Norenberg to stop Brenizer from harassing her at work. Norenberg talked to Brenizer several times but failed to successfully stop the harassment. As the harassment continued, Byers sought psychological counseling.

Byers ultimately concluded that the working environment was intolerable and voluntarily terminated her employment at Northern. Although Northern termed Byers' work status as a leave of absence, Byers argues she was constructively discharged because of the hostile work environment. Byers filed a discrimination complaint with the equal rights division alleging that Norenberg and Northern violated the WFEA by failing to stop the sexual harassment. Byers subsequently filed a worker's compensation claim alleging that the emotional injuries she sustained as a result of the sexual harassment entitled her to worker's compensation benefits.

An administrative law judge dismissed the fair employment claim on the ground that the WCA pro-

731

vided the exclusive remedy for work-related injuries sustained by an employe. LIRC affirmed the decision and Byers sought circuit court review of that determination. The circuit court concluded that the worker's compensation exclusivity provision did not bar Byers' fair employment claim and reversed LIRC's determination.

■

The issue whether Byers' fair employment claim is barred by the exclusive remedy provision of the WCA is a question of statutory interpretation and therefore is reviewed as a question of law. *See Schachtner v. DILHR,* 144 Wis. 2d 1, 4, 422 N.W.2d 906, 907 (Ct. App. 1988). On appeal, we review LIRC's decision, not the circuit court's. *Id.* at 4, 422 N.W.2d at 907-08. While an administrative agency's conclusions of law are sometimes entitled to deference, LIRC concedes this issue may be resolved without deference to its determination. *See id.* at 5, 422 N.W.2d at 908.

■

The exclusivity provision of the WCA is contained in § 102.03(2), STATS., which provides:

> Where such conditions exist [under § 102.03(1), STATS.] the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier. This section does not limit the right of an employe to bring action against any coemploye for an assault intended to cause bodily harm . . . .

The exclusiveness rule of the WCA relieves the employer of statutory liability under all state and federal statutes as well as common law tort liability.

*Schachtner*, 144 Wis. 2d at 7, 422 N.W.2d at 909. Accordingly, the exclusiveness rule can relieve the employer of liability under the WFEA. *Id.* at 9, 422 N.W.2d at 909-10.

The first step in our analysis is to determine whether Byers' allegations would entitle her to worker's compensation benefits for her injuries. Section 102.03(1), STATS., provides in relevant part:

> Liability under this chapter shall exist against an employer only where the following conditions concur:
> (a)   Where the employe sustains an injury.
> (b)   Where, at the time of the injury, both the employer and employe are subject to the provisions of this chapter.
> (c) 1.   Where, at the time of the injury, the employe is performing service growing out of and incidental to his or her employment.
> . . . .
> (d)   Where the injury is not intentionally self-inflicted.
> (e)   Where the accident or disease causing injury arises out of the employe's employment.

The parties do not dispute that Byers suffered an emotional injury arising out of her employment while performing services for Northern. The only issue the parties contest is whether the emotional injury Byers suffered is compensable under the WCA. Under § 102.01(2)(c), STATS., injury is defined as "mental or physical harm . . . caused by accident or disease . . . ." Emotional injuries sustained as a result of sexual harassment can be compensable under the WCA. *Zabkowicz v. West Bend Co.*, 789 F.2d 540, 544 (7th Cir. 1986). Even though a co-employe's conduct may have

been intentional, the injuries resulting may lie within the purview of "accident" and be compensable under the WCA. *Id.* at 545; *Jenson v. Employers Mut. Cas. Co.*, 161 Wis. 2d 253, 264, 468 N.W.2d 1, 5 (1991). The sexual harassment need not be unforeseeable for the injury to fall under "accident"; it is sufficient that the injury itself is unexpected. *Zabkowicz*, 789 F.2d at 545; *see also Jenson*, 161 Wis. 2d at 265-66, 468 N.W.2d at 5-6. Because these rules apply to the circumstances of this case, Byers' emotional injury is compensable under the WCA if the allegations of the complaint are proven.

Byers argues that *Lentz v. Young*, 195 Wis. 2d 457, 536 N.W.2d 451 (Ct. App. 1995), requires a different result. We disagree. In *Lentz*, the employe suffered injuries as a result of her employer sexually harassing her. *Id.* at 469, 536 N.W.2d at 456. We concluded that the employer's intentional conduct in persistently harassing the employee was not an "accident" within the purview of the WCA. *Id.* at 469-70, 536 N.W.2d at 457. In this case, Northern failed to terminate the sexual harassment directed toward Byers by a co-employe. We are not dealing with an employer's intentional acts of sexual harassment, rather the employer's failure to successfully stop the sexual harassment by a co-employe. Accordingly, *Lentz* does not apply.

Next, Byers contends that the conduct giving rise to her fair employment claim is a separate harm, distinct in time and place, from the emotional injury she suffered. We agree that if the emotional injury was discrete and entirely unrelated to the initial acts of sexual harassment and Northern's failure to stop the sexual harassment, Byers could maintain both her WFEA and WCA claims. *See LaCrosse v. WERC*, 182 Wis. 2d 15, 33-34, 513 N.W.2d 579, 585 (1994). How-

ever, the allegations in this case indicate that Byers' emotional injury resulted from the cumulative effect of the continued sexual harassment and Northern's failure to stop it. Brenizer continually stared at her, followed her, rubbed up against her, left her notes and tried to talk to her at work. Northern failed to successfully stop the harassment despite Byers' complaints and requests. It was not a single act of sexual harassment that led to her emotional injury; it was the cumulative effect of several acts of sexual harassment over an extended period of time and Northern's failure to stop the harassment. Accordingly, we conclude that the employer's conduct is not a separate harm, distinct in time and place, from Byers' emotional injury.

Finally, Byers contends that Northern has waived the exclusivity provision of the WCA because Northern, in its answer to Byers' worker's compensation claim, denied that Byers' injury arose out of her employment. Byers cites *Marson v. LIRC*, 178 Wis. 2d 118, 126, 503 N.W.2d 582, 586 (Ct. App. 1993), in support of this proposition. In *Marson*, we concluded that an employe was estopped from pursuing a claim against the same employer on a theory that the injury was not work related when the employer settled the worker's compensation claim in which the employe alleged the injury was work related. *Id.* However, in this case there was no settlement agreement or other disposition of the worker's compensation claim. We conclude that in this situation the issue whether the exclusivity provision applies is determined by whether Byers' allegations would entitle her to worker's compensation benefits for her injuries, not by the answers Northern may have made to her worker's compensation claim.

LIRC also argues that Byers' alleged constructive termination is a refusal to rehire controlled exclusively by worker's compensation pursuant to § 102.35(3), STATS. *See Norris v. DILHR*, 155 Wis. 2d 337, 340, 455 N.W.2d 665, 667 (Ct. App. 1990); *Schactner*, 144 Wis. 2d at 9, 422 N.W.2d at 909-10. We need not address this argument in light of our conclusion that the WCA's exclusive remedy provision bars Byers' fair employment claim. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issues need be addressed).

■

Because Byers' allegations would entitle her to worker's compensation benefits for her injuries, the exclusivity provision of the WCA precludes her from claiming damages under the WFEA. It is only when sexual harassment does not result in an injury compensable under the WCA, or the injuries sustained are separate, distinct in time and place, from the acts of sexual harassment and the failure to terminate the sexual harassment, that an employe may maintain actions under both the WCA and the WFEA.

*By the Court.*—Judgment reversed.