Janet Leigh BYERS, Petitioner-Respondent-Petitioner,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Respondent-Co-Appellant,

NORTHERN MANUFACTURING COMPANY and Paul Norenberg, Appellants.

Supreme Court

*No. 95–2490. Oral argument January 27, 1997.—Decided April 18, 1997.*

(Also reported in 561 N.W.2d 678.)

For the petitioner-respondent-petitioner there were briefs by *Carol N. Skinner* and *Bakke Norman,*

*S.C.*, New Richmond and oral argument by *Carol N. Skinner.*

For the respondent-co-appellant the cause was argued by *David C. Rice,* assistant attorney general with whom on the brief was *James E. Doyle,* attorney general.

For the appellants there was a brief by *Thomas R. Jacobson* and *Lommen, Nelson, Cole & Stageberg, P.A.,* Hudson and oral argument by *Thomas R. Jacobson.*

Amicus curiae brief was filed by *Bruce F. Ehlke* and *Shneidman, Myers, Dowling, Blumenfield, Ehlke, Hawks & Domer,* Madison for the AFSCME District Council 40.

Amicus curiae brief was filed by *Steven J. Schooler, John C. Talis* and *Lawton & Cates, S.C.,* Madison for the AFSCME Council 24.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of a published decision of the court of appeals reversing a judgment of the Circuit Court for Burnett County, James H. Taylor, Judge.[1] The court of appeals held that Wis. Stat. § 102.03(2)(1991–92),[2] the exclusive remedy provision of the Worker's Compensation Act, bars Janet Leigh Byers, the petitioner, from bringing a claim against Northern Manufacturing Company under the Wisconsin Fair Employment Act, Wis. Stat. Ch. 111, Subch. II, for employment discrimination on the basis of sex.

¶ 2. The sole issue presented is whether Wis. Stat. § 102.03(2), the exclusive remedy provision of the

[1] *Byers v. LIRC,* 200 Wis. 2d 728, 547 N.W.2d 788 (Ct. App. 1996).

[2] All further references are to the 1991–92 Wisconsin Statutes.

Worker's Compensation Act (WCA), bars a claim brought under the Wisconsin Fair Employment Act (WFEA), prohibiting discrimination in employment, when the facts that are the basis for the discrimination claim might also support a worker's compensation claim. We answer this question in the negative, concluding that the legislature intended that the WCA exclusive remedy provision does not bar a claimant whose claim is covered under the WCA from pursuing a claim under the WFEA for discrimination in employment. Accordingly, we reverse the decision of the court of appeals and remand the cause to the circuit court for remand to the Labor and Industry Review Commission (LIRC).

## I.

¶ 3. The Department of Industry, Labor and Human Relations (DILHR) dismissed the petitioner's WFEA claim on the ground of lack of jurisdiction and there has been no adjudication on the merits of the petitioner's WFEA claim. Accordingly, for purposes of this review, we take the facts asserted in the petitioner's complaint to be true and set forth the facts as follows.

¶ 4. The petitioner worked as a saw operator at Northern Manufacturing Company under the supervision of Paul Norenberg (collectively, the employer). The petitioner was involved in a consensual sexual relationship with a co-employee until approximately August 1990. In the year following the end of the relationship the co-employee repeatedly made unsolicited and unwelcome sexual advances towards the petitioner at their common workplace.

¶ 5. In August 1991 the petitioner obtained a restraining order barring the co-employee from con-

tacting her. The following day, the petitioner took the restraining order to the employer and explained that the co-employee had been harassing her at work and that he was to have no contact with her. The petitioner reported various incidents of harassment including her abduction by the co-employee from the company parking lot.

¶ 6. Despite the restraining order, the co-employee continued to harass the petitioner at work. The petitioner confronted the employer on numerous occasions, reporting these incidents and asking the employer to take steps to stop the harassment. In response, the employer talked to the co-employee on a number of occasions but the co-employee continued to harass the petitioner at work.

¶ 7. The co-employee was arrested and jailed several times between August 1991 and December 1992 for violating the restraining order. The employer, however, did not terminate, suspend, or otherwise reprimand the co-employee for his continued acts of sexual harassment. Indeed, the employer allowed the co-employee to work at the common workplace under work release privileges while serving jail sentences for violating the restraining order.

¶ 8. After the employer failed to carry out a promise to terminate the co-employee, the petitioner, in consultation with a psychologist and a psychiatrist, notified the employer that she could not return to work while the co-employee continued to work at the company.

¶ 9. In 1992 the petitioner filed a complaint with the Equal Rights Division of DILHR alleging sex discrimination by the employer for allowing the co-employee to sexually harass her at work in violation of

the WFEA.[3] DILHR found that for purposes of the motion to dismiss, the petitioner had asserted a claim of discrimination under the WFEA. Nonetheless, DILHR dismissed the petitioner's discrimination complaint on the ground that the WCA provided her exclusive remedy for work-related injuries and thus DILHR was without jurisdiction to hear her WFEA claim.

¶ 10.   LIRC affirmed DILHR's order. LIRC relied on previous rulings of the commission and on two decisions of the court of appeals, *Schachtner v. DILHR*, 144 Wis. 2d 1, 422 N.W.2d 906 (Ct. App. 1988) and *Norris v. DILHR*, 155 Wis. 2d 337, 455 N.W.2d 665 (Ct. App. 1990).

¶ 11.   On review, the circuit court concluded that the petitioner had stated a claim under the WFEA which was not barred by the WCA exclusive remedy provision. The circuit court entered judgment setting aside LIRC's decision and remanding the cause to LIRC for further proceedings.

¶ 12.   On appeal, the court of appeals reversed the judgment of the circuit court, holding that the WCA exclusive remedy provision precluded the petitioner from bringing a claim under the WFEA.

II.

¶ 13.   The issue of statutory interpretation presented, namely whether the petitioner's discrimina-

---

[3] In 1993 the petitioner filed a claim under the Worker's Compensation Act, alleging that her employer's failure to take sufficient action to stop the sexual harassment by her co-employee had resulted in emotional injury. The Worker's Compensation Division of DILHR denied her claim and LIRC affirmed. LIRC's decision in that case is not part of the present case.

tion claim under the WFEA is barred by the WCA exclusive remedy provision, is a question of law. In some cases involving issues of statutory interpretation the courts give deference to the interpretation of the administrative agency because of the agency's expertise in the area. *See Sauk County v. WERC*, 165 Wis. 2d 406, 421–25, 477 N.W.2d 267 (1991) (Abrahamson, J., dissenting). But although LIRC has experience in resolving questions about the exclusive remedy provision of the WCA, the courts also have significant experience with this subject matter.

¶ 14.   Therefore we need not in this case defer to LIRC's expertise. "[W]hen this court is as competent as the administrative agency to decide the legal question involved" no special deference is due the agency's interpretation. *Boynton Cab Co. v. DILHR*, 96 Wis. 2d 396, 405–06, 291 N.W.2d 850 (1980). LIRC, the employer and the petitioner acknowledge that the court should decide the issue presented without deference to the commission's decision. We therefore determine the issue presented independently, benefiting from the analyses of DILHR, LIRC, the circuit court and the court of appeals.

### III.

¶ 15.   The legislature has adopted two statutes, the WCA and the WFEA, to address different kinds of work-related harms and to provide different remedies for the harms. One does not expect these two statutes to conflict with each other, yet this case appears to raise just such a conflict.

¶ 16.   We begin by noting that neither statute expressly mentions the other, yet, as the present case demonstrates, the WCA and the WFEA are both poten-

tially applicable to the same set of facts. The WCA provides that when the conditions for an employer's liability under the Act exist, an employe's right to the recovery of compensation shall be the exclusive remedy against the employer and any other employe of the same employer. The WFEA is silent about its relation to the WCA but appears all-encompassing. We are thus left with the problem of whether the legislature intended the exclusive remedy provision of the WCA to apply to claims brought under the WFEA.

¶ 17. In interpreting the two statutes, it is the court's duty to harmonize them in a way that will give effect to the legislature's intent in enacting both statutes. *City of Milwaukee v. Kilgore*, 193 Wis. 2d 168, 184, 532 N.W.2d 690 (1995). Because the statutes and the legislative history are silent about the relationship between the two acts, resolution of any conflict requires consideration of the purposes of the two statutes.

¶ 18. The Worker's Compensation Act (WCA) was enacted in 1911. It provides a broadly applicable method for compensating persons who suffer work-related physical and mental injuries. By providing for a system of compensation distinct from actions in tort, the WCA embodies a legislative compromise between the interests of employes and employers in regard to work-related injuries. *County of La Crosse v. WERC*, 182 Wis. 2d 15, 29–31, 513 N.W.2d 579 (1994).

¶ 19. The WCA provides an alternative to tort liability, making employers strictly liable for injuries encompassed within the Act, but limiting the liability to compensation established by statute. *County of La Crosse*, 182 Wis. 2d at 30 and n.4 (quoting *Guse v. A.O. Smith Corp.*, 260 Wis. 403, 406–07, 51 N.W.2d 21

(1952)). Under this compromise, employes are assured smaller but more certain recoveries than might be available in tort actions, while employers are freed from the risk of large and unpredictable damage awards. The court has recently stressed that courts must "exercise care to avoid upsetting the balance of interests achieved by the WCA." *Weiss v. City of Milwaukee*, 208 Wis. 2d 95, 102, 559 N.W.2d 588 (1997) (citing *County of La Crosse*, 182 Wis. 2d at 30).

¶ 20. The exclusive remedy provision of the WCA, Wis. Stat. § 102.03(2), plays a key part in effecting this legislative compromise. The exclusive remedy provision mandates that when the conditions for an employer's liability under the WCA exist, the employe's right to recover compensation under the WCA shall be the employe's exclusive remedy against an employer. Section 102.03(2) provides:

> Where such conditions [for an employer's liability under the WCA][4] exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier.

¶ 21. The Wisconsin Fair Employment Act (WFEA) was enacted in 1945 and the prohibition against employment discrimination on the basis of sex was added in 1961.[5] The WFEA is aimed at assuring

---

[4] The conditions for liability are set forth in Wis. Stat. §§ 102.03(1)(a)–(e). We assume for purposes of this decision, but do not decide, that the facts underlying the petitioner's WFEA claim meet these conditions.

[5] Wis. Stat. § 111.321 provides: "Subject to ss. 111.33 to 111.36, no employer. . .may engage in any act of employment

396

equal employment opportunities for all persons by eliminating certain discriminatory practices.

¶ 22. Unlike the WCA, the WFEA is concerned with deterring and remedying intangible injuries which rob a person of dignity and self-esteem and with eliminating a discriminatory environment in the workplace that affects not only the victim of discrimination but the entire workforce and the public welfare.[6]

■

¶ 23. In the WFEA the legislature declared it state policy to utilize the full protective force of law to assure the rights of all individuals to obtain and enjoy gainful employment free from employment discrimination based on sex and other characteristics. Section 111.31(2) provides as follows:

---

discrimination as specified in s. 111.322 against any individual on the basis of. . .sex [or other protected status]."

Sexual harassment is identified in the Act as a form of employment discrimination because of sex. Wis. Stat. § 111.36 (1)(b). Section 111.36(1)(b) provides that "employment discrimination because of sex includes. . .[e]ngaging in sexual harassment. . .or permitting sexual harassment to substantially interfere with an employe's work performance or to create an intimidating, hostile or offensive work environment."

[6] The Act's declaration of policy begins as follows:

The legislature finds that the practice of unfair discrimination in employment against properly qualified individuals by reason of their [sex or other protected status] substantially and adversely affects the general welfare of the state. Employers, labor organizations, employment agencies and licensing agencies that deny employment opportunities and discriminate in employment against properly qualified individuals solely because of their [sex or other protected status] deprive those individuals of the earnings that are necessary to maintain a just and decent standard of living.

Wis. Stat. § 111.31(1).

> It is the intent of the legislature to protect by law the rights of all individuals to obtain gainful employment and to enjoy privileges free from employment discrimination because of [sex and other protected status] and to encourage the full, nondiscriminatory utilization of the productive resources of the state to the benefit of the state, the family and all the people of the state.

The purpose of the WFEA is to deter and to remedy discriminatory conduct of employers which infringes employes' civil rights. The legislature has directed that the WFEA is to be liberally construed for the accomplishment of this purpose. Wis. Stat. § 111.31(3)[7]

¶ 24. The purposes of the two statutes are very different. The WCA focuses on the employe and his or her work-related injury while the WFEA focuses on employer conduct that undermines equal opportunity in the workplace. The WCA compensates an employe for workplace injury, including mental injury; it is designed to relieve the financial burdens of injured workers and to protect employers from financial burdens by providing them with immunity from tort actions. The WFEA is designed to provide statutory redress for employment discrimination. The court has stated that a complainant under the WFEA acts "as a 'private attorney general' to enforce the rights of the public and to implement a public policy that the legislature considered to be of major importance." *Watkins v. LIRC*, 117 Wis. 2d 753, 764, 345 N.W.2d 482 (1984).

---

[7] The court has also stated that the language used in the WCA "should be liberally construed to effectuate the beneficent purposes intended, as can reasonably be done." *Waunakee Canning Corp. v. Industrial Comm'n*, 268 Wis. 518, 526, 68 N.W.2d 25 (1955).

¶ 25. DIHLR has the power to "order such action. . .as will effectuate the [WFEA's] purpose." Wis. Stat. § 111.39(4)(c). The court has stated that the WFEA "evinces a legislative intent that DILHR have authority to fashion an appropriate remedy for a victim of discrimination that comports with the purposes of the Act." *Watkins*, 117 Wis. 2d at 763–64 (attorney fees available under WFEA claim). The WCA, in contrast, gives no authority to the administrative agency to make a finding of discrimination, to order the employer to desist from discrimination, to reinstate an employe who has been discriminatorily discharged, actually or constructively, or to redress the discriminatory conduct that has been expressly defined as contrary to the public policy of this state.

¶ 26. Because the WCA does not identify, fully remedy or adequately deter an employer's discriminatory conduct, it cannot adequately address discrimination in the workplace. Sole reliance on the WCA would neither address employment discrimination nor serve as a deterrent against employment discrimination. Indeed, had the legislature intended the purposes of the WFEA to be accomplished through the WCA, enactment of the WFEA might have been a hollow legislative gesture.

¶ 27. The employer in this case argues that the two statutes are, at times, applicable to the same set of facts and that under such circumstances the legislature intended the WCA to trump other statutes regulating the workplace. The exclusive remedy provision of the WCA, according to the employer, applies in the present case because the petitioner's claim has its roots in the workplace and the petitioner seeks remedy under the WFEA for a claim encompassed within the WCA. In other words, the employer's argument is that

only an employe whose claim is not covered by the W
CA may bring a WFEA claim.

¶ 28.   We conclude that the legislature intended
that the WCA exclusive remedy provision does not bar
the petitioner's sex discrimination claim even if her
claim were covered under the WCA.[8] Our conclusion is
based on several factors.

¶ 29.   First, this conclusion comports with our
goal of harmonizing the two statutes. As we explained,
the WCA and the WFEA address two separate harms.
The two statutes should be read so that neither statu-
tory scheme frustrates the other's purposes. The
legislature's intent will be upheld by protecting the
integrity of both statutory schemes and preserving the
policies of both statutes to the greatest extent possible.
We should interpret the reach of the WCA exclusive
remedy provision in a manner that does not effectively
abrogate the purposes of the WFEA.

¶ 30.   If we were to interpret the WCA exclusive
remedy provision as the employer proposes, only

[8] For discussions of worker's compensation and discrimina-
tion claims, see Deborah A. Ballam, *The Workers' Compensation
Exclusivity Doctrine: A Threat To Workers' Rights under State
Employment Discrimination Statutes*, 27 Am. Bus. L.J. 95
(1989); John D. Copeland, *Workers' Compensation, Exclusivity,
and the "Balderdash" Response*, 1996 Ark. L. Notes 1; Martha S.
Davis, *Rape in the Workplace*, 41 S.D. L. Rev. 411 (1996); Dar-
ryll M. Halcomb Lewis, *Sexual Harassment Under Workers'
Compensation Law*, 43 Labor L.J. 297 (1993); Carlos M. Qui-
nones, *Workers' Compensation Law—The Sexual Harassment
Claim Quandary: Workers' Compensation as an Inadequate and
Unavailable Remedy: Cox v. Chino Mines/Phelps Dodge*, 24
N.M. L. Rev. 565 (1994); Ruth C. Vance, *Workers' Compensation
and Sexual Harassment in the Workplace: A Remedy for
Employees, or a Shield for Employers?*, 11 Hofstra Lab. L.J. 141
(1993).

employes whose claims were not covered under the W CA would be afforded relief under the WFEA. Those employes whose claims for physical or mental injuries were covered by the WCA, those perhaps most harmed by discriminatory conduct violating the WFEA, would be limited to worker's compensation. Nothing in the WFEA indicates that its effect is to be limited to only those acts of employment discrimination which do not result in a claim covered under the WCA.

¶ 31.   The employer's proposed interpretation does not comport with the legislature's expressed policy that the WFEA be liberally construed to achieve the important societal goals set forth therein. On the other hand, reading the WFEA so that no one is excluded from its protection because of the WCA exclusive remedy provision, and reading the WCA so that employes receive a sure but limited remedy for their work-related injuries and employers remain protected from court actions in tort arising out of those injuries gives both statutes maximum effect.

¶ 32.   Second, the employer's interpretation of the WCA and the WFEA, namely that no claim covered by the WCA can be the subject of a WFEA claim, is contrary to the court's interpretation of the WCA.

¶ 33.   While the supreme court has held that the exclusive remedy provision in the WCA was intended to preempt an employe's common law tort claims against her employer,[9] it has not held that all actions

---

[9] The court has repeatedly stated that § 102.03(2) precludes an injured employe from maintaining a negligence action, a common law action in tort, against his or her employer and fellow employe. *See Weiss v. City of Milwaukee*, 208 Wis. 2d 95, 103 and n.7, 559 N.W.2d 588 (1997) (collecting cases).

LIRC urges the court to disavow *Lentz v. Young*, 195 Wis. 2d 457, 536 N.W.2d 451 (Ct. App. 1995), which, LIRC contends,

based on facts forming a claim covered under the WCA are barred by the WCA exclusive remedy provision. Indeed the court has recognized that the WCA does not bar claims that are not in tort. In *County of La Crosse,* 182 Wis. 2d at 31–32, the court held that the exclusive remedy provision of the WCA does not bar an employe from seeking arbitration under a collective bargaining agreement for a refusal to rehire even though the physical injury underlying the collective bargaining complaint of termination without proper cause was covered under the WCA.

¶ 34.  The court of appeals has wrestled with the question of whether the WCA exclusive remedy provision bars a claim under the WFEA. In *Schachtner,* 144 Wis. 2d 1, the court of appeals rejected the employe's contention that the WCA exclusive remedy provision was enacted to limit only an employer's common law tort liability. The court of appeals held that the exclusive remedy provision of the WCA barred an employe who was refused rehire after a work-related injury from pursuing a handicap discrimination complaint under the WFEA. The court of appeals relied on cases in which the WCA exclusive remedy provision was applied to defeat claims for work-related injuries[10] and on Professor Larson's treatise, which states that exclu-

improperly suggests that work-related injuries arising from intentional conduct are not covered under the WCA. Because we assume that the petitioner's claim in the present case is covered under the WCA we do not address the issue posed in *Lentz.*

[10] The court of appeals relied on cases in which tort actions were barred by the exclusive remedy provision and on *Saxhaug v. Forsyth Leather Co.,* 252 Wis. 376, 382–83, 31 N.W.2d 589 (1948), which involved a statute. In *Saxhaug,* the court held that an employe's decedent was barred by the WCA exclusive remedy provision from bringing a wrongful death action which

sivity provisions relieve an employer "of statutory liability under all state and federal statutes, as well as of liability in contract ànd in admiralty, for an injury covered by the compensation act." *Schachtner*, 144 Wis. 2d at 7 (quoting 2A A. Larson, *Worker's Compensation Law*, sec. 65.30 (1987)).[11]

¶ 35.   In *Norris*, 155 Wis. 2d 337, the court of appeals allowed an employe to bring a WFEA claim for handicap discrimination based on a refusal to rehire. The court of appeals made clear that the action was not

relied on the safe-place statute, Wis. Stat. § 101.11. *Saxhaug* is not determinative of *Schachtner* or the present case.

The safe-place statute is of a different nature than the WFEA. Unlike the WFEA, the safe-place statute "does not create a cause of action in favor of or against anyone." *Holzworth v. State*, 238 Wis. 63, 68, 298 N.W. 163 (1941). Rather, "[i]t lays down a standard of care and if those to whom it applies violate the provisions of the statute, they are guilty of negligence." *Id.* Application of the WCA exclusive remedy bar to tort actions brought in conjunction with the safe-place statute, as in *Saxhaug*, does not suggest that the WCA exclusive remedy provision is intended to preclude all statutory causes of actions brought to remedy work-related wrongs.

The relations between the safe-place statute and the WCA, on the one hand, and between the WFEA and the WCA, on the other, are too distinct to be instructive in this case.

[11] Professor Larson's statement that a state worker's compensation act precludes a claim brought under a federal statute appears to be incorrect. The supremacy clause of the federal Constitution, U.S. Const. art VI, § 2, requires that any conflict between a state and a federal statute be resolved in favor of the commands of the federal statute.

Professor Larson's reference to liability in contract is also incorrect in Wisconsin. *See County of La Crosse v. WERC*, 182 Wis. 2d 15, 513 N.W.2d 579 (1994) (claim for arbitration regarding violations of collective bargaining agreement not barred by WCA exclusive remedy provision).

barred by the WCA because in *Norris*, unlike in *Schachtner*, the facts underlying the refusal to rehire did not meet the conditions for an employer's liability under the WCA. The court of appeals, relying on *Schachtner*, stated:

> We conclude that to the extent that coverage of employers' acts overlaps under both Acts, the Worker's Compensation Act provides the exclusive remedy. To hold otherwise would give precedence to an Act which does not contain an exclusivity provision over an Act that does. The legislature is unlikely to have intended such a result.

*Norris*, 155 Wis. 2d at 341.

¶ 36. LIRC argues in the present case that absent reconsideration of *Schachtner* and *Norris*, the petitioner states a claim for refusal to rehire based on an injury in the course of employment, Wis. Stat. § 102.35(3), and that the WCA provides the exclusive remedy for such a claim.[12] Relying on *Schachtner* and

---

[12] Wis. Stat. § 102.35(3) provides:

Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages.

In *County of La Crosse*, 182 Wis. 2d at 33–36, the court reasoned that a refusal to rehire which was due to an injury covered under the WCA but which was distinct in time and place from that injury was not controlled by § 102.03(2), the WCA exclusive remedy provision, because the refusal to rehire did not satisfy all the conditions set forth in § 102.03(1). *See also Coleman v. American Universal Ins. Co.*, 86 Wis. 2d 615, 619–20, 273 N.W.2d 220 (1979) (tort action for bad faith in

404

*Norris*, LIRC contends that because the legislature provided for increased compensation under the refusal to rehire provision of the WCA, § 102.35(3), application of the exclusive remedy provision to the petitioner's constructive discharge claim would not abrogate the purposes of the WFEA. At oral argument, counsel for LIRC made clear that its argument was premised on the court's agreement with *Schachtner* and *Norris*. Counsel for LIRC, however, urged the court to overrule *Schachtner* and *Norris* and we agree with LIRC's position.

¶ 37. We conclude that we can best preserve the purposes of the WCA and the WFEA by steering a

---

processing and paying a worker's compensation claim was not barred by the WCA exclusive remedy provision because the tort was separate and distinct from the WCA claim).

We do not rely on this reasoning in the present case because of the difficulty of discerning whether the constructive discharge alleged is separate and distinct from the emotional injury suffered as a result of the sexual harassment. The court of appeals and the circuit court appear to have come to opposite conclusions on this question.

The court also held that the "exclusive liability" language in § 102.35(3) was not intended to bar law suits but rather to impose the penalty for unreasonable refusals to rehire solely on the employer rather than on the insurance carrier. *County of La Crosse*, 182 Wis. 2d at 36–37. The court noted, however, that it was not presented with the question of whether § 102.35(3) precludes an employe who is injured in the course of employment from bringing a tort action against an employer for refusal to rehire. *County of La Crosse*, 182 Wis. 2d at 39.

In *County of La Crosse*, 182 Wis. 2d at 37, the court did not have to overrule *Schachtner* and *Norris* because those cases involved statutory causes of action and *County of La Crosse* was viewed as a contract claim. The court distinguished *Schachtner* and *Norris* on the facts presented.

405

different course than did the court of appeals in *Schachtner* and *Norris*. The holding in *Schachtner* and the reasoning in *Norris* are clearly inconsistent with our analysis today. Because these decisions do not give effect to the legislature's intent in enacting the WFEA, we overrule *Schachtner* and disavow the reasoning of *Norris*.[13]

¶ 38. Several other state courts that have addressed the issue presented here have concluded that an employment discrimination claim is not barred by a worker's compensation exclusivity provision.[14] In so holding, the Supreme Court of Florida stated:

---

[13] *Marson v. LIRC*, 178 Wis. 2d 118, 503 N.W.2d 582 (Ct. App. 1993), and *Finnell v. DILHR*, 186 Wis. 2d 187, 519 N.W.2d 731 (Ct. App. 1994), are also inconsistent with our holding today. In *Marson* the court of appeals held that a compromise settlement of a worker's compensation claim precludes recovery of "additional relief for the same injury in an alternative forum," in that case, a WFEA handicap discrimination claim. *Marson*, 178 Wis. 2d at 128. In *Finnell* the court of appeals relied on *Marson* to reach the same result. To the extent *Marson* and *Finnell* stand for the proposition that "[t]he right of the employee to recover compensation provided for by worker's compensation is exclusive of *all remedies against the employer*," *Marson*, 178 Wis. 2d at 127 (emphasis added), we overrule these cases.

Because we hold that an employe may pursue a claim under the WFEA when the facts that are the basis for the discrimination claim might also support a WCA claim, the possibility of double recovery may arise if claims are brought under both statutes. The parties have not addressed the double recovery issue, and we do not reach it.

[14] *See, e.g., Byrd v. Richardson-Greenshields Securities, Inc.*, 552 So. 2d 1099 (Fla. 1989); *Boscaglia v. Michigan Bell Telephone Co.*, 362 N.W.2d 642, 645 (Mich. 1984); *Reese v. Sears, Roebuck & Co.*, 731 P.2d 497 (1987), *overruled in part on*

[W]orkers' compensation is directed essentially at compensating a worker for lost resources and earnings. This is a vastly different concern than is addressed by the sexual harassment laws. While workplace injuries rob a person of resources, sexual harassment robs the person of dignity and self-esteem. Workers' compensation addresses purely economic injury; sexual harassment laws are concerned with a much more tangible injury to personal rights.

*Byrd v. Richardson-Greenshields Securities, Inc.*, 552 So. 2d 1099, 1104 (Fla. 1989). In *Boscaglia v. Michigan Bell Telephone Co.*, 362 N.W.2d 642, 646 (Mich. 1984), the Supreme Court of Michigan reasoned similarly, stating:

Whatever may have been the intention of the Legislature in enacting the exclusive remedy provision of the worker's compensation act, if it intended in enacting civil rights legislation that workers discharged in violation of such legislation could recover for resulting physical, mental or emotional injury that intention would necessarily supersede or modify the scope of other legislation that otherwise would defeat the intent to permit such recovery.

¶ 39.    For the reasons set forth, we conclude that the legislature intended that the WCA exclusive rem-

*other grounds by Phillips v. City of Seattle*, 766 P.2d 1099 (Wash. 1989); *Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814 (Ky. 1992); *Kerans v. Porter Paint Co.*, 575 N.E.2d 428 (Ohio 1991). *See also Shoemaker v. Myers*, 801 P.2d 1054, 1065–67 (Cal. 1990) (claim for wrongful termination brought under "whistleblower" statute not barred by worker's compensation exclusivity provision).

edy provision does not bar a complainant whose claim is covered under the WCA from pursuing a discrimination in employment claim under the WFEA. We therefore reverse the decision of the court of appeals and remand the cause to the circuit court for remand to LIRC.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded.