CITY OF MADISON, Debra H. Amesqua and the Madison Board of Police and Fire Commissioners, Petitioners-Respondents-Petitioners,

v.

STATE of Wisconsin DEPARTMENT OF WORKFORCE DEVELOPMENT, Equal Rights Division, Respondent-Appellant,

Charles T. WAGNER, Respondent-Co-Appellant.

Supreme Court

*No. 01–1910. Oral argument February 12, 2003.—Decided July 1, 2003.*

2003 WI 76

(Also reported in 664 N.W.2d 584.)

653

For the petitioners-respondents-petitioners there were briefs by *Scott Herrick* and *Herrick, Kasdorf, Dymzarov, Twietmeyer & Zarov, LLP,* Madison, and *Steven C. Zach, Jennifer S. Mirus, and Boardman, Suhr, Curry & Field LLP,* Madison, and oral argument by *Scott N.* Herrick and Steven *C. Zach.*

For the respondent-appellant the cause was argued by *David C. Rice,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

For the respondent-co-appellant there was a brief by *Charles W. Giesen* and *Giesen Law Offices, S.C.,* Madison, and oral argument by *Charles W. Giesen.*

An amicus curiae brief was filed by *Bruce F. Ehlke* and *Shneidman, Hawks & Ehlke, S.C.,* Madison, on behalf of Firefighters Local 311 and Joseph Conway, Jr.

An amicus curiae brief was filed by *James R. Korom, Matthew A. Koch,* and *von Briesen & Roper, S.C.,* Milwaukee, on behalf of the Wisconsin Chiefs of Police Association.

¶ 1. DIANE S. SYKES, J. The issue in this case is whether a firefighter who is terminated from city service after a "just cause" hearing before a police and fire commission (PFC) pursuant to Wis. Stat. § 62.13(5)(em) (1997–98)[1] may pursue a discrimination complaint regarding the termination before the Department of Workforce Development (DWD) under the Wisconsin Fair Employment Act (WFEA).

¶ 2. Disciplinary terminations of city firefighters are imposed and reviewed pursuant to the procedures established in Wis. Stat. § 62.13(5). The statutory procedure requires the PFC to determine whether any proposed disciplinary termination is supported by just cause, which includes a determination of whether the rule or order allegedly violated by the firefighter is reasonable and is being applied without discrimination. Wis. Stat. § 62.13(5)(em)2. and 6. Any termination sustained by the PFC under Wis. Stat. § 62.13(5)(em)

---

[1] All subsequent references to the Wisconsin Statutes are to the 1997–98 volumes unless otherwise noted.

and (f) is subject only to judicial review in circuit court pursuant to Wis. Stat. § 62.13(5)(i), or in certain circumstances by common law certiorari. Accordingly, any claim that a disciplinary termination is discriminatory under the WFEA must be raised before the PFC, the agency with exclusive statutory authority under Wis. Stat. § 62.13(5) to review disciplinary actions against firefighters. The DWD may not take jurisdiction over a WFEA complaint arising out of a decision of a PFC to terminate a firefighter.

## I. FACTS AND PROCEDURAL HISTORY

¶ 3. Charles T. Wagner became a Madison firefighter in November of 1993. On January 13, 1997, Wagner was suspended with pay pending resolution of felony fraud charges filed against him in Dane County Circuit Court stemming from an incident in 1992 involving stolen merchandise. On November 10, 1997, Wagner entered an *Alford* plea and was convicted of misdemeanor theft.[2]

¶ 4. On August 10, 1998, Madison Fire Chief Debra Amesqua filed a statement of charges against Wagner with the City of Madison Police and Fire Commission, pursuant to Wis. Stat. § 62.13(5)(b), alleging 15 counts of misconduct. The statement of charges was later amended to allege eight counts of misconduct in violation of four rules of the Madison Fire Department in connection with the criminal theft and related conduct. The chief recommended that Wagner be terminated for this misconduct.

---

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970). An *Alford* plea has the same effect as a guilty or no contest plea, and "supports a fully effective criminal judgment." *State ex rel. Warren v. Schwarz*, 219 Wis. 2d 615, 631–32, 579 N.W.2d 698 (1998).

¶ 5. The PFC held an evidentiary hearing at which both parties submitted briefs, were represented by counsel, submitted exhibits, and examined and cross-examined witnesses. On August 18, 1999, pursuant to § 62.13(5)(e), the PFC discharged Wagner from his position with the City of Madison Fire Department.

¶ 6. On November 14, 1999, Wagner sought review of the PFC order in Dane County Circuit Court under § 62.13(5)(i). The Honorable Gerald C. Nichol dismissed the case as improperly commenced, and the court of appeals affirmed.

¶ 7. After the dismissal of his circuit court action seeking judicial review of the PFC's order, Wagner filed a discrimination complaint with DWD's Equal Rights Division claiming that his termination was discriminatory because of his conviction record in violation of the WFEA, Wis. Stat. §§ 111.321 and 111.335. He named the City of Madison, the PFC, and Chief Debra Amesqua as respondents. The named respondents sought dismissal of the complaint, asserting that the DWD lacked jurisdiction to review the PFC order. The DWD refused to dismiss the complaint.

¶ 8. The City, the PFC, and Chief Amesqua then sought a writ of prohibition against the DWD in circuit court. The Honorable Richard J. Calloway issued the writ, concluding that the DWD lacked jurisdiction over Wagner's complaint because of the exclusive nature of PFC proceedings under Wis. Stat. § 62.13(5). Wagner and the DWD appealed, and the court of appeals reversed. We granted review, and now reverse.

## II. STANDARD OF REVIEW

¶ 9. A writ of prohibition is an extraordinary remedy traditionally employed to restrain an inferior

tribunal from exceeding its jurisdiction. *State ex rel. Lynch v. County Ct.,* 82 Wis. 2d 454, 459, 262 N.W.2d 773 (1978). A writ of prohibition may issue to prevent an administrative agency from exceeding its statutory authority. *State ex rel. DPI v. DILHR,* 68 Wis. 2d 677, 686–87, 229 N.W.2d 591 (1975); *State ex rel. St. Michael's Evangelical Lutheran Church v. DOA,* 137 Wis. 2d 326, 335, 404 N.W.2d 114 (Ct. App. 1987).

¶ 10. A circuit court's decision to issue a writ of prohibition is a discretionary determination that is reviewed for an erroneous exercise of that discretion. *St. Michael's,* 137 Wis. 2d at 330. A circuit court's exercise of discretion in the issuance of a writ of prohibition will be affirmed if "the court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion which a reasonable judge could reach." *Id.* However, any question of law that arises in reviewing whether the circuit court applied a proper legal standard is subject to de novo review. *Id.* at 330–31; *see also State ex rel. DPI,* 68 Wis. 2d at 686–87.

¶ 11. This case presents a question of law regarding the interpretation and harmonization of two statutes, Wis. Stat. § 62.13(5) and the WFEA. In interpreting two statutes that are alleged to conflict, it is our duty to attempt to harmonize them in a way that will give effect to the legislature's intent in enacting both statutes. *Byers v. LIRC,* 208 Wis. 2d 388, 395, 561 N.W.2d 678 (1997)(citing *City of Milwaukee v. Kilgore,* 193 Wis. 2d 168, 184, 532 N.W.2d 690 (1995)). In this situation, "no special deference is due" to an administrative agency. *Id.* at 394 (citing *Boynton Cab Co. v. DILHR,* 96 Wis. 2d 396, 405–06, 291 N.W.2d 850

(1980)); *see also City of Madison v. WERC,* 2003 WI 52, ¶¶ 9–12, 261 Wis. 2d 423, 662 N.W.2d 318.

## III. ANALYSIS

A. Wis. Stat. § 62.13(5)

¶ 12. Wisconsin Statute § 62.13 requires municipalities with populations above 4,000 to maintain a police and fire commission with jurisdiction over the hiring, promotion, discipline, and discharge of members of the police and fire departments. Wis. Stat. § 62.13(1) and (2). The statute "shall be construed as an enactment of statewide concern for the purpose of providing a uniform regulation of police and fire departments." Wis. Stat. § 62.13(12).

¶ 13. Police and fire commissions were created and endowed with statutory responsibilities and prerogatives over 100 years ago, in 1897. *Kraus v. City of Waukesha Police Fire Comm'n,* 2003 WI 51, ¶ 29, 261 Wis. 2d 485, 662 N.W.2d 294. The present statute establishes a comprehensive system governing employment matters relating to municipal police officers and firefighters, and subjects the decisions of police and fire chiefs and PFCs to report, recommendation, and review requirements. Wis. Stat. § 62.13(4)(a), (c) and (5); *City of Madison v. WERC,* 2003 WI 52, ¶ 13, 261 Wis. 2d 423, 662 N.W.2d 318. At issue in this case is whether the DWD may take jurisdiction of a WFEA complaint in order to review an order of a PFC issued pursuant to Wis. Stat. § 62.13(5).

¶ 14. Wisconsin Statute § 62.13(5) governs disciplinary actions against police officers and firefighters, and provides that a police officer or firefighter may not be "suspended, reduced in rank, suspended and reduced in rank, or removed" unless the PFC "determines

whether there is just cause, as described in this paragraph, to sustain the charges" of misconduct. Wis. Stat. § 62.13(5)(em). Charges of misconduct must be in writing and may be filed by "the chief, by a member of the board, by the board as a body, or by any aggrieved person." Wis. Stat. § 62.13(5)(b). A public hearing must then be held on the charges, at which the officer or firefighter may be represented by counsel and may compel the attendance of witnesses by subpoena. Wis. Stat. § 62.13(5)(d).

¶ 15. As we have noted, the PFC may not sustain the charges unless it determines that there is "just cause" to do so. Wis. Stat. § 62.13(5)(em). "Just cause" is determined by reference to seven factors:

In making its determination [of just cause], the board shall apply the following standards, to the extent applicable:

1. Whether the subordinate could reasonably be expected to have had knowledge of the probable consequences of the alleged conduct.

2. Whether the rule or order that the subordinate allegedly violated is reasonable.

3. Whether the chief, before filing the charge against the subordinate, made a reasonable effort to discover whether the subordinate did in fact violate a rule or order.

4. Whether the effort described under subd. 3. was fair and objective.

5. Whether the chief discovered substantial evidence that the subordinate violated the rule or order as described in the charges filed against the subordinate.

661

6. Whether the chief is applying the rule or order fairly and without discrimination against the subordinate.

7. Whether the proposed discipline reasonably relates to the seriousness of the alleged violation and to the subordinate's record of service with the chief's department.

Wis. Stat. § 62.13(5)(em)1.-7.

¶ 16. In short, "just cause" exists only where the officer or firefighter has violated a reasonable rule or order and should have known that the violation would have consequences, and where the chief has made a reasonable, fair, and objective effort to determine that the officer or firefighter actually committed the violation. Also, the charges against the officer or firefighter must be supported by substantial evidence. The action taken against the officer or firefighter must be reasonably related to the seriousness of the offense and the officer's or firefighter's record of service. Finally, in evaluating whether "just cause" exists, the PFC must determine whether the action taken against the employee is "fair[] and without discrimination." Wis. Stat. § 62.13(5)(em)6.

¶ 17. The statute requires that the PFC's "findings and determinations" be reduced to writing and filed with the secretary of the board within three days of the hearing. Wis. Stat. § 62.13(5)(f). The statute provides for judicial review of an adverse ruling in the circuit court, by service of a written notice of appeal within ten days after an order is filed. Wis. Stat. § 62.13(5)(i). Within five days of service of a notice of appeal, the PFC must certify the complete record of the proceedings to the clerk of the circuit court. *Id.* An

action for judicial review of a PFC's order has "precedence over any other cause of a different nature pending in the court," and, upon application, a trial must be held within "15 days after such application except by agreement." *Id.* The court "may require further return or the taking and return of further evidence by the board." *Id.*

¶ 18. At trial, the "question to be determined by the court shall be: Upon the evidence is there just cause, as described under par. (em), to sustain the charges against the accused?" *Id.* If the circuit court reverses the PFC, "the accused shall be forthwith reinstated and entitled to pay as though in continuous service." *Id.* Finally, the statute provides that "[i]f the order of the board is sustained it shall be final and conclusive." *Id.*

¶ 19. We have stated that the review procedures set forth in § 62.13(5)(i) reflect the legislature's intent that "judicial review should be limited and prompt." *State ex rel. Kaczkowski v. Fire & Police Comm'rs,* 33 Wis. 2d 488, 504, 148 N.W.2d 44 (1967); *see also Younglove v. City of Oak Creek Police & Fire Comm'n,* 218 Wis. 2d 133, 136–37, 579 N.W.2d 294 (Ct. App. 1998). A more protracted process would have a "demoralizing effect on the public service of long-drawn-out proceedings, during which time no permanent appointment could be made." *Clancy v. Fire and Police Comm'rs,* 150 Wis. 630, 634, 138 N.W.2d 109 (1912). In addition to the judicial review provided by the statute, we have also held that certain aspects of a PFC's decision may be reviewed by common law certiorari: "errors of jurisdiction and errors of law by a fire and police commission can be reviewed by a writ of certiorari," although "this remedy should be used sparingly and only when those errors clearly appear." *Kaczkowski,* 33 Wis. 2d at 504.

663

## B. The WFEA

¶ 20. The WFEA, Wis. Stat. §§ 111.31–111.395, was enacted in 1945 and "is aimed at assuring equal employment opportunities for all persons by eliminating certain discriminatory practices." *Byers,* 208 Wis. 2d at 396–97. The WFEA's declaration of policy states that "[i]t is the intent of the legislature to protect by law the rights of all individuals to obtain gainful employment and to enjoy privileges free from employment discrimination." Wis. Stat. § 111.31(2). Prohibited bases of discrimination include, inter alia, "age, race, creed, color, disability, marital status, sex, national origin" and, as is pertinent here, "conviction record." Wis. Stat. § 111.321.

¶ 21. The WFEA provides that the DWD is the agency of state government authorized to administer the WFEA. Wis. Stat. § 111.375. The complaint and investigation procedure is set forth in Wis. Stat. § 111.39, and findings and orders emanating from a WFEA complaint are subject to judicial review under Chapter 227. Wis. Stat. § 111.395. "The purpose of the WFEA is to deter and to remedy discriminatory conduct of employers which infringes employes' civil rights." *Byers,* 208 Wis. 2d at 398.

## C. Harmonization of Wis. Stat. § 62.13(5) and the WFEA

¶ 22. Wagner and the DWD argue that this case is controlled by *Byers,* in which we harmonized the WFEA with the Worker's Compensation Act (WCA) so as to exclude claims under the WFEA from the WCA's exclusivity provisions. *Byers,* 208 Wis. 2d at 407–08. There

are, however, significant differences between the WCA and Wis. Stat. § 62.13(5), and those differences compel a different conclusion here.

¶ 23. *Byers* involved a workplace sexual harassment claim by an employee stemming from the conduct of another employee over whom the employer exercised insufficient discipline or control. We were confronted with the question of whether the WCA's exclusivity provisions precluded the DWD from taking jurisdiction over the WFEA complaint because the claim of injury arose in the workplace. Noting that the legislature enacted the WCA and the WFEA to address "different kinds of work-related harms," *id.* at 394, and because the WCA contained no anti-discrimination element, we concluded that allowing a separate complaint for discrimination under the WFEA to proceed in the DWD would "best preserve the purposes of the WCA and the WFEA." *Id.* at 405.

¶ 24. More specifically, we noted in *Byers* that the purpose of the WCA is to "compensat[e] persons who suffer work-related physical and mental injuries." *Id.* at 395. On the other hand, the purpose of the WFEA is to "assur[e] equal employment opportunities for all persons by eliminating certain discriminatory practices." *Id.* at 397. Important to our analysis here, we observed in *Byers* that the WCA "gives no authority to the administrative agency to make a finding of discrimination, to order the employer to desist from discrimination, to reinstate an employe who has been discriminatorily discharged, actually or constructively, or to redress the discriminatory conduct that has been expressly defined as contrary to the public policy of this state." *Id.* at 399.

¶ 25. We concluded in *Byers* that because "the WCA and the WFEA address two separate harms," the

two statutes should "be read so that neither statutory scheme frustrates the other's purposes. The legislature's intent will be upheld by protecting the integrity of both statutory schemes and preserving the policies of both statutes to the greatest extent possible." *Id.* at 400. Our conclusion in *Byers* that the WCA did not bar a complainant from pursuing a separate administrative claim under the WFEA accomplished these goals.

¶ 26. This is a markedly different case. Wisconsin Statute § 62.13 is "an enactment of statewide concern for the purpose of providing a uniform regulation of police and fire departments." Wis. Stat. § 62.13(12). The WFEA is intended to "encourage employers to evaluate an employe or applicant for employment based upon the employe's or applicant's individual qualifications rather than upon a particular class to which the individual may belong." Wis. Stat. § 111.31(2). The uniformity of police and fire department regulation and the prerogatives of the PFC under Wis. Stat. § 62.13(5) cannot be preserved if the DWD has jurisdiction to review, revise, or reverse a PFC's decision pursuant to a WFEA complaint. Harmonizing the two statutory schemes to preserve their manifest purposes requires that the WFEA's anti-discrimination provisions be applied in the context of the PFC's review and determination of discipline pursuant to Wis. Stat. § 62.13(5)(em), and the statutory or certiorari judicial review that may follow.

¶ 27. Here, unlike in *Byers,* both Wis. Stat. § 62.13(5)(em) and the WFEA require that an adverse employment decision not be taken for a discriminatory purpose. Unlike the WCA, Wis. Stat. § 62.13(5)(em) gives the administrative agency in question—the PFC —the authority to evaluate whether the employment action under review is "fair and without discrimina-

666

tion." Wis. Stat. § 62.13.(5)(em)6. Although Wis. Stat. § 62.13(5)(em) does not define "discrimination," there is no reason why the PFC cannot apply the provisions of the WFEA in the context of its decisionmaking.

¶ 28. As we have noted, the "just cause" inquiry requires the PFC to consider, among other things: whether the rule or order allegedly violated "is reasonable," whether the chief made a "reasonable effort" to investigate the alleged violation, and whether the proposed discipline is "reasonably related" to the officer or firefighter's service record. Wis. Stat. § 62.13(5)(em)2., 3., and 7. As a matter of law, a rule, investigation, or discipline that violates the WFEA cannot be "reasonable." A PFC proceeding under Wis. Stat. § 62.13(5) cannot impose discipline in violation of the WFEA. An officer's or firefighter's claim that the proposed discipline would violate the WFEA may be considered by the PFC under Wis. Stat. § 62.12(5)(em), and reviewed by a circuit court on statutory appeal under Wis. Stat. § 62.13(5)(i) or common law certiorari.

¶ 29. In short, this case is different from *Byers* because, unlike the WCA, Wis. Stat. § 62.13(5) does address discrimination and does require the PFC, and the circuit court on review, to consider discrimination allegations. We conclude that the proper harmonization of the WFEA and Wis. Stat. § 62.13(5) requires that any claim that the proposed discipline violates the WFEA be raised before the PFC, and in the circuit court on statutory appeal or certiorari review.

¶ 30. The "harmonization" suggested by Wagner and the DWD is not a "harmonization" at all, but, rather, a displacement of the prerogatives and authority of the PFC and the statutory conclusiveness of its decisions. The statute provides that a PFC's order "is

667

'final and conclusive' unless reversed by the circuit court." *City of Janesville v. WERC,* 193 Wis. 2d 492, 504, 535 N.W.2d 34 (Ct. App. 1995); Wis. Stat. § 62.13(5)(i). This statutory conclusiveness "becomes meaningless" if the PFC's disciplinary order can be subjected to collateral agency review in the DWD under the WFEA. *City of Janesville,* 193 Wis. 2d at 504. The "harmonization" proposed by Wagner and the DWD would also have the anomalous effect of permitting an administrative agency to overrule the decision of the circuit court, and could produce conflicting circuit court orders if the DWD decision is itself subjected to judicial review.

¶ 31. It is now well-established that Wis. Stat. § 62.13(5) establishes the exclusive procedures for the imposition and review of hiring, promotion, demotion, and termination decisions regarding police officers and firefighters. *City of Madison v. WERC,* 2003 WI 52, ¶ 33, 261 Wis. 2d 423, 662 N.W.2d 318; *Eau Claire County v. General Teamsters Union Local No. 662,* 2000 WI 57, ¶ 23 n.11, 235 Wis. 2d 385, 399, 611 N.W.2d 744; *City of Janesville,* 193 Wis. 2d at 502–504; *Milwaukee Police Ass'n v. City of Milwaukee,* 113 Wis. 2d 192, 196–97, 335 N.W.2d 417 (Ct. App. 1983).

> [T]he PFC not only has the ultimate authority to suspend employees and the exclusive authority to reduce in rank and remove subordinates, it is also expressly charged with determining whether the charges filed against a subordinate should be sustained at a public evidentiary hearing. It is inconsistent with that statutory charge to permit a subordinate who is dissatisfied with a PFC decision to seek [review by the WERC] of essentially the same issue decided by the PFC.

*City of Janesville,* 193 Wis. 2d at 504.[3]

¶ 32. Indeed, we have stated that the "appeal procedure under sec. 62.13(5)(i) is exclusive and conclusive, because the last sentence of that subsection states: If the order of the board is sustained it shall be final and conclusive." *State ex rel. Enk v. Mentkowski,* 76 Wis. 2d 565, 571, 252 N.W.2d 28 (1977); *see also Kaczkowski,* 33 Wis. 2d at 496; *Clancy,* 150 Wis. at 634.[4] The statutory procedure ensures that police officers and firefighters are not "wrongfully disciplined and provides them with a sufficient remedial process in the event that they are wrongfully disciplined." *Larson v. City of Tomah,* 193 Wis. 2d 225, 232, 532 N.W.2d 726 (1995).

---

[3] It is also established law that under Wis. Stat. § 62.13, the authority to make hiring, promotion and termination decisions is vested solely in the police or fire chief and the PFC, and may not be transferred to another adjudicator. *See City of Madison v. WERC,* 2003 WI 52, ¶¶ 27–28, 33, 261 Wis. 2d 423, 662 N.W.2d 318; *City of Janesville v. WERC,* 193 Wis. 2d 492, 502–504, 535 N.W.2d 34 (Ct. App. 1995); *Milwaukee Police Ass'n v. City of Milwaukee,* 113 Wis. 2d 192, 196–97, 335 N.W.2d 417 (Ct. App. 1983). Any "harmonization" of the WFEA and Wis. Stat. § 62.13 that would allow the DWD to second-guess the chief and the PFC on a termination decision would effectively transfer this exclusive decisionmaking authority from the PFC to a collateral administrative agency.

[4] [W]here the legislature provides for a final and conclusive judicial review of the action of a board, commission or other nonjudicial body, the courts have jurisdiction to review by certiorari only those strictly legal questions which were not or could not have been raised by way of the judicial review proceeding provided by the legislature.

*State ex rel. Smits v. City of De Pere,* 104 Wis. 2d 26, 31, 310 N.W.2d 607 (1981) (quoting *State ex rel. Kaczkowski v. Board of Fire & Police Comm'rs,* 33 Wis. 2d 488, 500, 148 N.W.2d 44 (1967)).

¶ 33. As we have noted, we have held that jurisdictional and legal errors of a PFC are also reviewable by the circuit court on certiorari. *Kaczkowski,* 33 Wis. 2d at 500. Thus, we have stated that there are "two exclusive avenues of review of the determinations of a fire and police commission . . . the appeal procedures provided by the legislature or by means of a writ of certiorari." *Enk,* 76 Wis. 2d at 571. Collateral, serial review of PFC orders by the DWD conflicts with this principle.

¶ 34. The judicial review and due process requirements of Wis. Stat. § 62.13(5) adequately safeguard the right of officers and firefighters to be free from discrimination. The statute requires a hearing and allows for representation by counsel and the opportunity to present evidence and cross-examine witnesses. Wis. Stat. § 62.13(5)(d). The PFC's decision is governed by legal standards that allow for the consideration of whether the proposed discipline is discriminatory in violation of the WFEA, and is subject to judicial review by statutory appeal or certiorari in the circuit court.

¶ 35. The goal of harmonization of two conflicting statutes is to interpret them "so that neither statutory scheme frustrates the other's purposes." *Byers,* 208 Wis. 2d at 400. To permit the DWD to assert jurisdiction over a WFEA claim arising out of an action by the PFC under § 62.13(5) would not merely frustrate the purpose of Wis. Stat. § 62.13(5), it would undermine it almost completely. Harmonization of conflicting statutes seeks to "protect[] the integrity of both statutory schemes and preserve the policies of both statutes to the greatest extent possible." *Id.* at 400. Subjecting a reasoned decision of the PFC (and a circuit court order

affirming that decision) to collateral review in the DWD would "effectively abrogate the purposes" of Wis. Stat. § 62.13(5). *Id.*

¶ 36. Accordingly, we conclude that the conflict between the WFEA and Wis. Stat. § 62.13(5) is properly harmonized by interpreting Wis. Stat. § 62.13(5) to permit the PFC, and the circuit court on judicial review, to consider whether the discipline of an officer or firefighter violates the WFEA, and to preclude a separate, collateral attack on the PFC's decision before the DWD. An interpretation that would allow the DWD to review and potentially displace a decision of the PFC, and to effectively overrule an order of the circuit court, would eliminate the exclusive nature of PFC proceedings under Wis. Stat. § 62.13(5) and run contrary to the legislature's intent that these proceedings be resolved expeditiously and conclusively. The DWD may not take jurisdiction over a WFEA complaint arising out of a decision of a PFC.[5] The circuit court's issuance of the writ of prohibition was proper. The decision of the court of appeals is reversed, and the matter is remanded to the circuit court for further proceedings consistent with this opinion.

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

---

[5] The court of appeals also addressed, and the parties briefed in this court, issues of immunity as well as claim and issue preclusion. As a result of our conclusion regarding the conflict between the statutes, we need not address these additional issues.